## WILDER HARDING *vs.* DANIEL J. COBURN.

A mortgage of "all and singular the stock, tools, and chattels belonging to " the mortgagor, "in and about the wheelwright's shop occupied by " him, is not void, as against his creditors; and if they attach the property, the mortgagee may demand payment of the attaching officer, in the manner prescribed by Rev. Sts. *c.* 90, § 79, and in an action against him, may show, by parol evidence, what articles were in and about the shop when the mortgage was made.

When a mortgage mentions a specific number of articles of a certain kind, in and about a shop, and also all the other personal property there situate, the specific enumeration does not prevent the passing of other articles of the same kind, which are in and about the shop.

When unfinished articles of manufacture are mortgaged, and the mortgagor afterwards adds labor and material to them, the mortgagee will hold them, as against a creditor of the mortgagor, if they remain substantially the same as when mortgaged. Whether he would so hold them, if they are substantially changed, or their value is greatly increased, by such addition — *quære.*

A mortgagee of chattels which were attached by a creditor of R., the mortgagor, seasonably delivered to the attaching officer the following writing: "I hereby demand payment of, and indemnity for, the amount stated in the following account." (Describing six promissory notes of R.) "All the above demands are now due and payable from said R. to me. I also demand of you indemnity for my liability, as indorser for the accommodation and benefit of said R., of the following described notes of hand." (Describing them.) "The foregoing demand is made on you, in consequence of an attachment made by you on a writ in favor of G. and S. against R. ; which property I claim to hold under two mortgages executed and delivered by said R. to me." (Setting forth the dates of the mortgages, and the volumes and pages in which they were recorded in the registry of mortgages.) *Held,* that this was a sufficient statement and demand, under the Rev. Sts. *c.* 90, § 79.

On the trial of an action, brought by a mortgagee of chattels, against an officer for attaching them as the property of the mortgagor, the jury were instructed that the plaintiff must prove that the written statement, which he made to the officer, of the debt or demand for which the property was liable to him, was substantially true and correct, but that no slight, innocent and immaterial misstatement would defeat his action. *Held,* that this instruction was not justly subject to exception.

The rule that requires the owner of chattels, which he suffers to be mixed with those of another, to point out his own, and demand them of an officer, who seizes the whole as the property of the other, before he can sue the officer, does not apply to the holder of a mortgage of all the personal property on certain premises, with a provision (which he supposes to be legally operative) that it shall also cover all other personal property which the mortgagor may put on the premises in the place of such as he should sell and deliver.

THIS was an action of trespass against a deputy sheriff for taking and carrying away one wagon carriage, ironed, one wagon body, partly finished, five hundred felloes, two hundred carriage hubs, one cab body, one wheel jack, two axle bar arms, one set of axle bars, a lot of scrap iron, and one hoop all of the value of four hundred and twenty dollars

At the trial in the court of common pleas, before *Ward*, J. the defendant justified under a writ against Rufus Rowell, as whose property the defendant attached the chattels described in the plaintiff's writ. The plaintiff claimed the chattels under two mortgages made to him by said Rowell. The first mortgage was dated July 13th 1843, and described the mortgaged property, as follows : " All and singular the stock, tools and chattels belonging to me, in and about 'the wheel-wright's shop occupied by me, situated on the easterly side of the Dorchester Turnpike, in that part of Boston called South Boston." The second mortgage, dated June 12th 1844, was of " the following described stock, chattels and articles, situated and being in and upon the land and buildings occupied by me on the Dorchester Turnpike, in that part of Boston called South Boston, viz. six hundred hubs ; four thousand feet of ash plank ; two thousand feet of oak plank ; four thousand feet of bass wood ; four thousand feet of spokes ; ten sets of wheels ; ten wagon bodies; four express wagons; ten wagon carriages; a blacksmith's shop; all my tools and implements in my wood shop, paint shop, and blacksmith's shop; and all other my personal property sit-uated as aforesaid ; together with all other personal property which I may put on said premises during the term herein-after mentioned," (one year,) " in the place of property above enumerated, which may be sold and delivered by me during said term."

The plaintiff gave in evidence the following demand on the plaintiff, and statement of his claim against Rowell : " To Daniel J. Coburn, Deputy Sheriff. I Wilder Harding of Boston do hereby demand payment of, and indemnity for, the amount stated in the following account, viz.

| " Rufus Rowell's | due bill | to me, | dated | February 27th 1844, | for | $4·50 |
|---|---|---|---|---|---|---|
| " | " | note " | ". " | May 2d, | " " | $325·50 |
| " | " | " " | " " | " 6th, | " " | $174·82 |
| " | " | " " | " " | " " | " " | $270·00 |
| " | " | " " | " " | " 29th, | " " | $335·50 |
| " | " | " " | " " | July 19th, | " " | $63·00 |

$1173·32

" All the above demands are now due and payable from said Rowell to me.

" I also demand of you indemnity for my liability as indorser, for the accommodation and benefit of said Rowell, of the following described notes of hand, viz.

| | | | | | | |
|---|---|---|---|---|---|---|
| "Rufus Rowell's note to me, due October 8th 1844, | | | | | . . . . . . . . | $352·67 |
| " " " " " | dated Nov. 3d 1843, payable in one year from date, for . . . . . . . | | | | | $1000·00 |
| " " " " " | due December 1st 1844, | | | | . . . . . | $304·83 |
| | | | | | | $2830·82 |

" The foregoing demand is made on you, in consequence of an attachment made by you, on a writ in favor of Phineas E. Gay and C. E. Stratton against Rufus Rowell, returnable at the next October term of the court of common pleas for the county of Suffolk; which property I claim to hold under two mortgages executed and delivered by said Rowell to me; the one dated July 13th 1843, recorded in the registry of mortgages for the city of Boston, Lib. 35, fol. 239; the other dated June 12th 1844, and recorded in said registry, Lib. 40, fol. 19. Boston, September 23d 1844.     Wilder Harding."

It was admitted that no part of the property attached was specifically described in the last mortgage. But the plaintiff contended that it passed under the general clause in the mortgages.

It appeared that Rowell was extensively engaged in carriage building, at South Boston, and there occupied one large lot of land, having distinct shops thereon for the different branches of his business, but all connected together, so as to make one range of buildings; and that the mortgaged property was in these premises.

The plaintiff called witnesses to show that the identical property attached was on said premises, at the date of the last mortgage. This evidence was admitted, though objected to by the defendant; but the judge ruled that no articles passed under the mortgage, but such as were on the premises at the date of the mortgages.

The plaintiff's evidence then tended to show that two axle

arms, $2; one cab body, $40; one hundred and twenty five hubs, $62·50; and one hundred and seventeen felloes, $4·68; were the property of Rowell, on his premises, at the date of the second mortgage, and were included therein, under the general clause; that besides the one hundred and twenty five hubs above named, there were six hundred other hubs, specifically named in said mortgage, and not attached by the defendant; that the cab body was on the premises, at the date of the mortgages, unfinished, and that work and materials had been added to it since.

The plaintiff introduced evidence tending to show that his claim against Rowell, under the mortgages, was substantially correct, as stated in his demand upon the defendant.

The defendant's counsel then made the following objections to the maintenance of the plaintiff's action: 1st. That the first mortgage was void. The court so ruled, and the plaintiff abandoned that mortgage, at the trial. 2d. That the second mortgage passed no property, besides that which was specifically and particularly described. But the judge ruled, that the property situate on the premises, at the date of the mortgage, and included in the general description in the mortgage, might pass, though not specifically set out. 3d. That the specific enumeration of six hundred hubs, in the mortgage, excluded the other one hundred and twenty five hubs from passing under the general clause. But the judge ruled, that they might pass, if such was the intention of the parties at the time. 4th. That said mortgage should not cover any property which had been changed by manufacture since the date of the mortgage. But the judge ruled, and instructed the jury, that if so much labor and new material had since been added, by Rowell, to any article mortgaged, as substantially to change it, or so that the subsequent additions of labor and material became an important part of its present value, it would not pass to the mortgagee; but that if it remained substantially the same, it might pass. 5th. That the plaintiff's demand and statement in writing were in form insufficient. But the judge ruled otherwise. 6th. That the

plaintiff's said demand was insufficient, because his claim, as proved, and that set out in his written statement, were not the same in amount.    The judge ruled, and instructed the jury, that it was incumbent on the plaintiff to prove his written statement to be substantially true and correct ; that any fraudulent or substantial error in his statement would defeat his action ; but that no slight, innocent and immaterial misstatement would defeat his action, if the jury were satisfied that his statement was substantially correct and true.

It appeared that the defendant, before making the attachment, took copies of the two mortgages to the premises of Rowell, and laying aside, by the assistance of Rowell, all the articles specifically enumerated in the second mortgage, attached all other articles there found.    And it also appeared, that Rowell, after making the mortgages, continued to conduct his business as usual, remaining in possession of the property, and changing it by manufacture, and for other property, and mixing it with his other newly purchased property.

The plaintiff claimed to hold all the property, new and old, ny virtue of his mortgages.

The defendant objected, that the plaintiff, not having pointed out and demanded the precise articles which he claimed, and having permitted the mortgagee to remain in possession, and to mix the mortgaged property with his newly acquired property of the same kind, the action of trespass could not be maintained.    Upon this point (it being admitted that the plaintiff claimed *bona fide* the whole of the property, as covered by his mortgages ; the newly acquired, as well as the old property) the judge ruled against the defendant.

The defendant also objected, that the plaintiff's demand was insufficient, because it did not distinguish the property claimed under each mortgage, nor the amount of the plaintiff's lien on each part of it, but was general on both mortgages.    But the judge overruled the objection.

It was agreed by the parties, that the jury, if they should find for the plaintiff, might return a verdict specifying as to

what articles they found. The jury found the defendant guilty as to the four items above mentioned, viz. two axle arms, one cab body, one hundred and twenty five hubs, and one hundred and seventeen felloes, and assessed damages at $109·18; and not guilty as to the other articles mentioned in the plaintiff's writ.

The defendant alleged exceptions to the foregoing rulings and instructions of the judge.

*Ellis,* for the defendant.

*D. A. Simmons,* for the plaintiff.

DEWEY, J. The first point, arising upon the mortgage under which the plaintiff claims to hold the property in controversy, is as to the validity of a general description of the property mortgaged ; such as " all my tools and implements in my shop in B.," or other equally general words of description. It is insisted by the defendant, that such general description has no legal force and effect, and that nothing short of a specific description of the various articles mortgaged can avail a mortgagee relying upon a recorded mortgage, and the possession remaining with the mortgagor. No direct authorities are cited to establish this position, although some cases are referred to, giving some countenance to such doctrine. But the argument principally pressed upon our consideration was, that of the importance of such construction of the law, as the only one that would give effectual notice to all concerned of what was actually intended to be conveyed by the mortgage.

We all feel the force of this argument, and the great importance of requiring as much certainty, in contracts of this nature, as the case will reasonably admit. If it were practicable to set forth, on the face of the mortgage, with entire precision, all the specific articles embraced in it, in such a manner that the inspection of the mortgage, without reference to any other evidence or source of information, would enable one to ascertain with certainty the property mortgaged, it would be highly important and useful that such description of the property should be required to be given, in every case

But a little consideration has satisfied us, and must satisfy any one, that in a large portion of the cases, resort must be had to parol evidence to ascertain the identity of the property mortgaged. Most personal property must, from the nature of the case, be described in such general terms as to leave no other alternative, but to resort to parol evidence to identify it. Apparently it seems a more bald description, to say "all my household furniture," than to enumerate the articles, and describe them as "two dozen of chairs, five tables," &c.; but in reality the latter will require extrinsic evidence to identify the property, as much as the former would. Or take the case of a mortgage of live stock on a farm; the general description would be, "all my stock on my farm." The particulars are, "ten cows, two yoke of oxen," &c.; but in both you must rely upon other sources than the mortgage for the identity of the property mortgaged.

There is nothing, in the statute itself, (Rev. Sts. *c.* 74,) prescribing the form of mortgages of personal property. The statute deals with them as instruments known and recognized by the common law, and only provides as to the possession of the property being retained by the mortgagee, or that the mortgage be recorded in the proper office. The statute leaves in full force a mortgage at common law, if the mortgagee takes and continues the possession in himself. Such mortgages, with general descriptions of the articles, have ever been considered good.

Several cases have been before us, which were open to the objection now raised; and so far, therefore, as a silent acquiescence in such cases, by counsel, would furnish any inference that the objection was untenable, the plaintiff is entitled to the benefit of it. Perhaps no very strong inference should be drawn from that circumstance. But the case of *Winslow* v. *Merchants' Ins. Co.* 4 Met. 306, seems to have raised the precise question we are considering. It was a mortgage of "all and singular the goods, wares, stock, iron, tools, manufactured articles, and property of every description, being situate in or about the shop or building now occupied by me

in Hawley Street." The mortgage, in that case, was not only liable to the objection that it was general in its description of the property, but also to the further objection, that it was imperfect and incomplete, and contemplated something further to be done ; inasmuch as it also provided that " a particular schedule of the property shall be annexed hereto, as soon as conveniently may be." No such schedule, however, was annexed; but the court held the general description of the property sufficient to entitle the mortgagee to hold the same.

Nor will the enumeration of certain specific articles prevent others of like kind, if included in the general description, from passing under the mortgage.

The next question raised relates to the ruling as to the property in certain articles that had undergone a change by manufacture, after the date of the mortgage, and before the attachment by the defendant. The ruling upon this point was, we think, sufficiently favorable to the defendant; perhaps too much so in reference to the effect of subsequent additions of labor and material in divesting the mortgagee of his right of property. We understand this instruction to have been, that the article must remain substantially the same, in order to preserve the property in the mortgagee; and if such identity was continued, additions not making an important part of its whole present value would not divest the mortgagee of his interest.

The defendant further objects to the sufficiency of the demand of the plaintiff, and his statement of the amount due on the mortgage. To sustain the objection, he relies upon the case of *Moriarty* v. *Lovejoy*, 23 Pick. 321. We think the cases distinguishable, and particularly in this; that in the case cited, the statement of the mortgagee did not allege that it was a mortgage of the property then attached, and in the hands of the officer ; which latter averment is substantially found in the present statement, and to the extent of the property then actually attached, and in the defendant's possession ; and this is a sufficient demand.

It is next objected, that the ruling of the court was erroneous, upon the question of a supposed variance between the plaintiff's statement of the amount of his claims under the mortgage, and the actual sum which, upon a just and true account, the jury would find due, upon the evidence in the case. The question before us is not as to the weight of the evidence upon this point, or whether the jury found a verdict against the weight of the evidence; but whether the verdict was found under proper instructions from the court.

If the amount stated might, upon the evidence, have been found a just and true account of the liability arising under the second mortgage, then the finding was well authorized. We understand the ruling of the court to have required the jury, before returning a verdict for the plaintiff, to find that there was no material misstatement of the amount due from Rowell to the plaintiff; and this implies that it was not overstated. If it were so, to any amount proper to be regarded in a court of justice, the defendant, under this ruling, must have had a verdict in his favor. The instruction seems sufficiently guarded. This subject has been before us recently, in the case of *Rowley* v. *Rice*, 10 Met. 7, to which we refer. Applying the principles of that case to the present, if there were an overstatement of the amount due to the plaintiff, in the demand made by him, yet the whole facts would present a case where, under that decision, no damage had accrued to the defendant by the overstatement; as he would have had no inducement to redeem the property, if the amount due had been stated with the most scrupulous accuracy; the property in controversy being of much less value than the debt secured by the mortgage, supposing the amount had been truly stated.

It is further objected, that the plaintiff cannot maintain the action, although he may have been the owner of sundry articles taken by the defendant by virtue of a writ of attachment against the mortgagor; inasmuch as the articles now claimed by the plaintiff were found in possession of the debtor and intermingled with various other articles that were not mortgaged, and which were properly attached as the

property of the debtor, and the plaintiff not having pointed out the precise articles claimed by him.   To a certain extent, the principle here relied upon by the defendant has been sanctioned by the court.   The leading case was *Bond* v. *Ward*, 7 Mass. 123.   This was followed by *Sawyer* v. *Merrill*, 6 Pick. 478, and *Shumway* v. *Rutter*, 8 Pick. 443.   The principle settled by these cases was, that if the goods of a third person in possession of the debtor, and so intermingled with the debtor's goods, that the officer, on due inquiry, cannot distinguish them, the owner can maintain no action against the officer, until notice, and a demand of his goods of the officer, and a refusal by him.   All these cases presented this point as arising upon one species of property, viz. household furniture.   They were cases where no difficulty existed in pointing out the precise articles claimed, and where the omission to do so, as it tended to entrap a public officer in the discharge of his duty, might reasonably be held to bar his right of action.   They were cases where the owner knew the precise nature and extent of his claim, and the articles owned by him ; where he had it in his power to designate and point out those articles, in distinction from other articles to which he made no claim.   And the rules of fair dealing may well require, under such circumstances, that the particular articles claimed by him be pointed out and demanded, before the officer is sued for taking and detaining them.   To this extent this rule may be a reasonable and proper one ; but care must be taken not to apply it beyond those cases where such pointing out of specific articles may be reasonably required of the party.   As it seems to us, the rule should not be applied here. The plaintiff held a general mortgage, which in its terms covered all the articles on certain premises named in the mortgage, with the further provision that the mortgage should also embrace " all other personal property " which the mortgagor might " put on said premises," &c.   This last provision, though of no effect to pass subsequently acquired property, (10 Met. 481,) might well be supposed by the plaintiff to have that effect; and a general claim made by him to all the

property, under such mortgage, might not furnish any evidence of a design to mislead the officer. Under these circumstances, we think the plaintiff was guilty of no such nonfeasance in not pointing out the articles to which the mortgage did attach, and disclaiming all others, as should bar him of his right to recover for such of the articles as are now shown to belong to him.

*Exceptions overruled.*