# Lewis Willey v. Henry M. Snyder.

*Chattel mortgages: Description of property: Definiteness: Notice.* A description of property in a chattel mortgage as "One Durm bull, known as the Grinnalls bull,—said bull is four years old and weighs about 2,400 pounds," is not open to the objection that it is so vague and indefinite as to prevent the mortgage when duly filed becoming constructive notice to a subsequent purchaser of the bull from the mortgagor.

*Descriptions of property: Interpretation: Surrounding facts.* Written descriptions of property are to be interpreted in the light of the facts known to and in the minds of the parties at the time; and a subsequent purchaser or mortgagor is supposed to acquire a knowledge of all the attendant facts needful to his protection, and to purchase in view of that knowledge.

*Descriptions: Identification.* Descriptions do not identify of themselves, but only furnish the means of identification; they give certain marks or characteristics, or historical data or incidents, by the aid of which the thing intended may be singled out from all others, not by the description alone, but by that explained and applied.

*Heard April 14. Decided April 18.*

Error to Ionia Circuit:

*Mitchel & Pratt,* for plaintiff in error.

No counsel appeared for defendant in error.

COOLEY, CH. J:

An able and ingenious argument was made in this case to convince us that a description of property in a chattel mortgage as "One Durm bull, known as the Grinnalls bull,— said bull is four years old and weighs about 2,400 pounds," was so vague and indefinite as to prevent the mortgage, when duly filed, becoming constructive notice to a subsequent purchaser of the bull from the mortgagor. The position of the plaintiff is perhaps sufficiently shown by the instruction which he requested in the court below; namely, "that the description must be such as would enable a stranger, with the mortgage, to select the property."

It was shown in the case that the mortgagor had but

WILLEY *v.* SNYDER.

the one bull; that he was called a Durham, and was Durham blood in part, and that he was known as the Grinnalls bull. It would seem that the supposed stranger, with a knowledge of these facts and the mortgage in his hand, could have had no difficulty in selecting the property if he was a man of ordinary intelligence. It ought not to be very difficult to select one when there is only one to select from; especially when certain particulars are mentioned in which the animal would differ from all others in case the number had been greater.

But if a stranger is to be sent out to select property mortgaged, with no other means of identification than such as are afforded by the written description, and without being at liberty to supplement that information by such as can be gained in the mortgagor's neighborhood by inquiry of those who know what property the mortgagor was possessed of which would answer the description in the instrument when it was given, and by possessing himself of such other circumstances as persons usually avail themselves of in applying written descriptions to the things intended, it is much to be feared that the stranger would be so often at fault that chattel mortgages, if their validity depended upon his success in identifying the property, would seldom be of much value as securities.

Written descriptions of property are to be interpreted in the light of the facts known to and in the minds of the parties at the time. They are not prepared for strangers, but for those they are to affect; the parties and their privies. A subsequent purchaser or mortgagor is supposed to acquire a knowledge of all the facts, so far as may be needful to his protection, and he purchases in view of that knowledge. If he purchases a bull known in the neighborhood by a particular name, he is chargeable with notice of that fact. A mortgage of the bull by that name, if duly filed, would be as good against him as against the man who gave it. It would be a singular defense to be set up by him to the mortgage, that being a stranger, he discov-

ered no such name on or about the `bull, and therefore could not in fairness be bound by a mortgage which undertook to identify the animal by the name.    Descriptions do not identify of themselves; they only furnish the means of identification.    They give us certain marks or characteristics, —perhaps historical data or incidents,—by the aid of which we may single out the thing intended from all others; not by the description alone, but by that explained and applied. Even lands are not identified by description until we place ourselves in the position of the parties by whom the description has been prepared, and read it with the knowledge of the subject matter which they had at the time.

We have been unable to discover that the plaintiff in error was wronged by any rulings in the court below, and the judgment must be affirmed, with costs.

The other Justices concurred.