LOUIS REIDINGER v. THE CLEVELAND IRON MINING COMPANY.

*Deeds—Description—Burden of proof in ejectment.*

A grant must be applied by regarding it from the standpoint of the parties and in the light of the knowledge they had at the time. *Held,* therefore, that a deed of a lot reserving "all that part * * * which is now used and occupied by said Cleveland Iron Mining Company for railroad or railway purposes," is not ambiguous if any part of the lot was so occupied at the time the deed was made.

In ejectment to recover land which it is claimed a grantor holds in excess of what he had reserved to himself as occupied by him at the date of his deed, the burden of proving what was intended by the reservation is not shifted to defendant if he had actually occupied any part of it; if the plaintiff alleges a trespass he must prove it.

Error to Marquette. Submitted June 5. Decided June 11.

EJECTMENT. Plaintiff brings error.

*F. O. Clark* for plaintiff in error. An exception from a deed should be described as fully as if the grantee were the grantor of the part excepted, 3 Washb. R. P., 369; *Thompson v. Gregory,* 4 Johns., 81; *Craig v. Wells,* 11 N. Y., 321; *Provost v. Calder,* 2 Wend., 517; *Dygert v. Matthews,* 11 Wend., 35; *Ives v. Van Auken,* 34 Barb.,

566; if the subject of a grant cannot be ascertained by its description, the grant is void, 3 Wash. R. P., 331; 1 Wood on Conveyances, 206; *Wofford v. McKinna*, 23 Tex., 44; *Shackleford v. Bailey*, 35 Ill., 391; an exception from a deed cannot be given effect unless the description shows what land it was intended to convey, *Ives v. Kimball*, 1 Mich., 313; *Doe v. Hubbard*, 15 Ad. & El., 245; *Peaslee v. Gee*, 19 N. H., 273; *Putnam v. Bond*, 100 Mass., 58: 1 Amer., 82; *Hall v. Davis*, 36 N. H., 569; *Sutton v. Bowker*, 5 Grey, 416; *Daily v. Litchfield*, 10 Mich., 40; 1 Greenl. Ev., § 301; where there is latent ambiguity in an exception, the claimant of the excepted property has the burden of defining it, Shep. Touch. 78, p. 156, No. 30; *Doe v. Lock*, 4 Nev. & Man., 807; 4 Kent's Com., 568, n. *d*.

*W. P. Healy* and *G. V. N. Lothrop* for defendant in error. Where an easement is granted without defined limits, its practical location and use by the grantee, acquiesced in by the grantor, determine what was intended as if it had been described in terms, *Bannon v. Angier*, 2 Allen, 129; *Stetson v. Curtis*, 119 Mass., 266; *Crocker v. Crocker*, 5 Hun, 587. See *Choate v. Burnham*, 7 Pick., 274; *Galloway v. Wilder*, 26 Mich., 97; *Brown v. Thissell*, 6 Cush., 254; *Simonds v. Wellington*, 10 Cush., 313; *Purkiss v. Benson*, 28 Mich., 538; *Smith v. Galloway*, 27 E. C. L., 28; *Waterman v. Johnson*, 13 Pick., 261.

COOLEY, J. In the year 1857 the defendant, being then the owner of lot two on block three of a plat made by said company in addition to the city of Marquette, conveyed the same to William J. Gordon and Peter White, "reserving therefrom all that part of said lot above described which is now used and occupied by said Cleveland Iron Mining Company for railroad or railway purposes, to be used and occupied by the said Cleveland Iron Mining Company, its successors and assigns, so long as needed or desired by them for the right of way for

said railroad or railway purposes." Gordon subsequently conveyed his interest in the premises to White, and White conveyed to the plaintiff. At the time defendant conveyed to Gordon and White, and ever since, defendant has occupied some portion of said lot with its railway track, but the evidence in this record tends to show that the occupation has not been confined within exactly the same limits as when the deed was given.

The plaintiff now brings ejectment for that portion of the lot which the defendant occupies. He claims, *first*, that what is called a reservation in the deed, but which is in fact an exception, is void on the face of the deed for ambiguity; and *second*, if not void, the party claiming the benefit of it must take the burden of proving what was intended by it, and that he is entitled to hold nothing which he does not clearly show was thereby excluded from the conveyance.

I. There is no ground for saying that there is any ambiguity on the face of the deed. The exception from the conveyance was of that portion of a certain lot which was then occupied for certain purposes. It is true the deed did not describe the parcel itself by metes and bounds, or refer to records, or to trees or stakes; but it gave a means of identification which presumptively was not only ample, but was as definite and certain as any that could well be suggested. A grant must always be applied to its subject by regarding it from the standpoint of the parties, and in the light of the knowledge they had at the time; *Ives v. Kimball*, 1 Mich., 308; *Cooper v. Bigly*, 13 Mich., 463; *Anderson v. Baughman*, 7 Mich., 69; *Willey v. Snyder*, 34 Mich., 60, and here the parties designated that which was intended by particulars that were unmistakable: a present holding by a party named, for a purpose specified. If it had turned out that in fact there was at the time no such occupation, a difficulty might then have been presented of which the deed gave no indication; but on the face of the deed itself the exception was perfectly good and presumptively effectual.

II. It being shown that the defendant did actually occupy a part of the lot for railway purposes at the date of the deed, if the plaintiff claims that more is now occupied, and seeks to recover it, he must take upon himself the burden of showing it. In other words, he must make out his case. There is no presumption that defendant is guilty of a violation of law, or is an intruder upon anybody's rights. Whoever asserts that he is trespassed upon must show it. We cannot enter upon a discussion of a principle so elementary.

There was nothing in the rulings of the court below for the plaintiff to complain of, and the judgment must be affirmed with costs.

The other Justices concurred.