[No. 15774. Department Two. July 28, 1920.]

B. E. Mott, *Doing Business as Mott Candy Company, Appellant,* v. H. M. Johnson, *Defendant,* J. V. Payne, *Intervener, Respondent.*[1]

Chattel Mortgages (13)—Property Included—Description in Mortgage. A chattel mortgage describing the property as all furniture and fixtures contained in a certain building, etc., and all merchandise contained therein "and more especially described as follows," and given to secure the full purchase price on the sale of a pool hall and cigar store, will be held to meet the intent of the parties as including all property in the building, which included property used in the business in addition to that specifically described in the mortgage.

Appeal from a judgment of the superior court for Yakima county, Taylor, J., entered July 26, 1919, in

'Reported in 191 Pac. 844.

favor of the intervener, adjudging the priority of a chattel mortgage lien, tried to the court upon stipulated facts. Affirmed.

*Davis & Morthland,* for appellant.

*Frank J. Allen,* for respondent.

Tolman, J.—On December 19, 1918, the defendant, H. M. Johnson, purchased a pool room and cigar store in the town of Granger, for the agreed price of $1,750, paying nothing down, but giving his note for the full purchase price, and securing the same by a duly executed chattel mortgage in which the property pledged is described as follows:

"All the furniture and fixtures contained in the building known as the Fred R. Hawn building and located on the east 25 feet of lots 13, 14, 15 and 16, in block 22, Town of Granger, Washington, together with all merchandise therein contained and more especially described as follows, to wit: Four billiard and pool tables with cues, balls and racks; one stove and one set scales; counters both front and back; all chairs. Also all of the stock of goods, wares and merchandise, including candies, cigars, tobaccos and fountain goods;"

which mortgage was duly filed of record. Thereupon Johnson went into possession of the going business so purchased, which then included not alone the items specified in the mortgage, but contained considerable additional furniture and fixtures. On March 22, 1919, appellant began this action in the court below against Johnson, sued out a writ of attachment, and caused it to be levied upon all of the property in the place of business referred to. Shortly after the levy, respondent intervened, and by his complaint in intervention set up the assignment of the note and chattel mortgage by the mortgagee therein named to the

Union Bank of Granger, and a like assignment, both for a valuable consideration, by the bank to himself, and sought the foreclosure of the chattel mortgage as a first lien upon all of the property which had been attached. At the trial, respondent abandoned his claim to the stock of merchandise in trade, and by stipulation the essential facts were agreed upon. From a judgment in favor of respondent, establishing and foreclosing his lien upon all of the property except the merchandise, this appeal is taken.

It appears that, at the time of the levy of the attachment, there was property in the storeroom and used as a part of the business (which was so there and used when the mortgage was made), in addition to the articles specifically described in the mortgage, as follows:

"One piano player, one draught stand, one milk-shaking machine, one cash register, glass dispenser, roll top desk, syrup bottles, ice cream cabinet, cigar case (6 feet in length), candy case (4 feet in length), four-foot show case, six-foot bottom case, six-foot counter show case, and four large palms."

Appellant's contention here is that the articles last described were not affected by the mortgage, and that the language used, "all furniture and fixtures," is limited by the words "and more especially described as follows," to the specific articles enumerated. The question is not altogether as simple as might appear at first thought. A general description has, in many jurisdictions, been held sufficient, except perhaps as to after-acquired property, when the intention that it shall so apply is not made clear and certain; and had the scrivener been content to stop with the first clause of the description, we would have no difficulty in holding with the trial court. Had he continued by words

clearly limiting the general description, as "more particularly set forth and described in the following schedule," we would be equally clear that the judgment is wrong, but as it reads, the intent cannot be clearly gathered from the instrument itself. Chief Justice Cooley in *Willey v. Snyder,* 34 Mich. 60, says:

"Written descriptions of property are to be interpreted in the light of the facts known to and in the minds of the parties at the time. They are not prepared for strangers, but for those they are to affect; the parties and their privies. A subsequent purchaser or mortgagor is supposed to acquire a knowledge of all the facts, so far as may be needful to his protection, and he purchases in view of that knowledge."

See, also, *Furgerson v. Twisdale,* 137 N. C. 414, 49 S. E. 914; *Miller v. Hart,* 32 Hun (N. Y.) 639; *Harding v. Coburn,* 53 Mass. (12 Met.) 333, 46 Am. Dec. 680.

If, then, we may interpret this description in the light of the facts which were in the minds of the parties at the time, it is self-evident that the mortgage, being given to secure the full purchase price of all property in the building, the parties intended that it should cover all that property, and except as they failed to include essentials to perfect their intention as to the merchandise, the mortgage should be held to cover all of the property intended.

Judgment affirmed.

HOLCOMB, C. J., FULLERTON, MOUNT, and BRIDGES, JJ., concur.