[No. 32406. Department One. July 15, 1953.]

J. L. ROBSON, *Appellant*, v. PETER MALONEY, *as Sheriff of Pacific County, et al., Respondents.*[1]

*Fred M. Bond,* for appellant.

*Stark & Hill,* for respondent Trezise.

[1] Reported in 259 P. (2d) 836.

OLSON, J.—The sufficiency of the description of property in a chattel mortgage is the controlling issue in this case. The facts are established by the unchallenged findings of the trial court as follows:

July 12, 1951, defendants Conley gave their promissory note to defendant Trezise. July 14, 1951, plaintiff delivered the property in issue, one Sweden speed freezer, model 1-130, serial No. 4179, with compressor, to Conleys at their place of business in Raymond, Washington. July 15, 1951, plaintiff and Conleys entered into a conditional sale contract for the purchase of the freezer by Conleys. This contract was never filed in the office of the auditor of Pacific county.

Conleys executed a chattel mortgage to Trezise to secure their note of July 12, 1951. The date of the mortgage is "this _____ day of July, 1951." Both the acknowledgment and the affidavit of good faith were dated July 20, 1951, and the mortgage was filed in the office of the auditor of Pacific county on that date. The description of the property contained in the chattel mortgage is as follows:

"1-Neon Sign and all light fistures [sic]; 2-Mills dispensing cabinets; 1-5 Gallon Mills Freezer; 1-Fountain; 1-Coca-Cola Dispenser; 5-Hamilton Beach Milk Shake Machines; 1-National Cash Register; 1-Red Hot Machine; 1-Electric Toaster; 1-2-½ H P Compressor; 1-1 H P Compressor; 1-50 Gallon National Hot Water Tank; 1-Hpt [sic] Fudge Machine; 25-5 Gallon Ice Cream Cans; 1-Push Cart; all counters, shelves, stools, dishes, glassware, silverware, venetian blonds [sic] and any and all misc. [sic] items usual to the type of business operated on the premises in which the above are contained, together with all increases and acquisitions thereto, . . ."

Conleys did not make the payments due on the note, and Trezise commenced foreclosure of her chattel mortgage by notice and sale. All of the property described in the mortgage was sold at the foreclosure sale for the sum of $1,500, leaving a deficiency of $1,455 due to Trezise. The freezer was not sold because of this action. It remained in the possession of Conleys at all times, and Trezise had no knowledge, constructive or actual, that plaintiff had or claimed any interest in it until this action was commenced.

From the testimony of Trezise, we learn that she did not examine Conleys' premises when her mortgage was made, and the first knowledge she had of the freezer came to her at the time of the foreclosure.

The trial court concluded that the chattel mortgage is a valid lien upon the freezer, and ordered it sold. Plaintiff has appealed.

Conleys were joined as additional defendants in this action and, having failed to appear, were adjudged in default. They now neither assert nor have any valid claim to the freezer.

■ The description of property in a chattel mortgage must point out the subject matter covered by the mortgage so that, from the description and such inquiry as the instrument suggests, purchasers may be able to identify the property intended to be mortgaged. *Community State Bank v. Martin*, 144 Wash. 483, 485, 258 Pac. 498 (1927), and cases cited; *Fisher v. Thumlert*, 194 Wash. 70, 77, 76 P. (2d) 1018 (1938). The descriptive words used are to be interpreted in the light of the facts known to and in the minds of the parties at the time. *Mott v. Johnson*, 112 Wash. 18, 21, 191 Pac. 844 (1920). Property not fairly included in the terms of the description will not pass by mortgage. 1 Jones, Chattel Mortgages and Conditional Sales (Bowers ed.) 124, § 62.

■ If the freezer can be said to be within the description in this mortgage, it must be within the last clauses of that description which, for convenience, we repeat:

". . . and any and all misc. [*sic*] items usual to the type of business operated on the premises in which the above are contained, together with all increases and acquisitions thereto, . . ."

Considering that many items of personal property are specifically and particularly described in the mortgage, and the nature of those items, the size and value of the freezer ($3,400 when new, and sold to Conleys for $1,800), and its importance to the business conducted on the premises, we conclude that the freezer cannot be said to be a miscellaneous item. The word, "miscellaneous," would not sug-

gest an inquiry regarding the freezer. Nor is it an "increase or acquisition" to any of the items described. It is a separate, complete, and self-contained unit, entirely independent of any other item in the shop.

The descriptions in *Mott v. Johnson, supra*, p. 20, and in *Goddard v. Morgan*, 193 Wash. 83, 89, 74 P. (2d) 894 (1937), were, respectively, " 'all furniture and fixtures,' " and " 'all those certain restaurant fixtures' " in a certain business location. These words were held to reflect an intention that all items of furniture and fixtures on the premises were to be covered by the mortgages. But there is a wide difference between those descriptions and the one now before us, and the cited cases are not controlling in this case. In fact, they emphasize the deficiency in this description. Here descriptive words like "all furniture and fixtures" in the premises were not used, but particular articles and "miscellaneous" items (which do not include the freezer), and "acquisitions thereto" were specified.

Our disposition of this question makes it unnecessary to determine the effective date of the mortgage, because the freezer does not come within the description in any event. We need not consider any other claims of error assigned by plaintiff.

The judgment is reversed.

GRADY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.