GENESEE MERCHANTS BANK & TRUST COMPANY *v.*
GRAND PACKING COMPANY.

1. CHATTEL MORTGAGES—DESCRIPTION—IDENTIFICATION.

Description of mortgaged chattels must be definite enough to enable a third party, aided by inquiries which the instrument itself suggests, to identify the property.

2. SAME—DESCRIPTION—IDENTIFICATION—INQUIRY.

A subsequent purchaser from a mortgagor has the burden of making reasonable inquiry beyond the description of the property in a chattel mortgage itself if it furnishes a means of identification, and if reasonable inquiry would reveal the complete identification.

3. SAME—DESCRIPTION—IDENTIFICATION.

Chattel mortgage description of 14 registered Holstein cows situated in Clayton township, while the actual cows purchased were 3 registered Holstein and 11 unregistered cows situated in Gaines township *held*, not definite enough to enable purchaser to identify the property.

4. APPEAL AND ERROR—FINDINGS OF FACT—NONJURY TRIAL.

Findings of fact by trial court in a nonjury case will not be set aside unless clearly erroneous, since the trial court has a special opportunity to judge the credibility of the witnesses (GCR 1963, 517.1).

REFERENCES FOR POINTS IN HEADNOTES

[1] 15 Am Jur 2d, Chattel Mortgages § 53.
[2] 15 Am Jur 2d, Chattel Mortgages §§ 53, 107, 108.
[3] 15 Am Jur 2d, Chattel Mortgages §§ 53, 59.
[4] 5 Am Jur 2d, Appeal and Error § 839.
[5] 53 Am Jur, Trial §§ 332, 336; 24 Am Jur 2d, Dismissal, Discontinuance and Nonsuit §§ 69–71.
[6, 7] 24 Am Jur 2d, Dismissal, Discontinuance and Nonsuit §§ 70, 71.

5. MOTIONS—DIRECTED VERDICT—DISMISSAL—NONJURY TRIAL.
   A motion for directed verdict requires the court to look at the evidence, as a matter of *law*, to see if it is sufficient to support a jury verdict, while on a motion for dismissal in nonjury cases the court may weigh and determine the *facts* as well as the law (GCR 1963, 504.2).

6. JUDGMENT—NONJURY CASE—EVIDENCE.
   Under court rule, the court sitting without a jury may consider the facts, and if it finds that insufficient facts have been presented to justify continuation of the case, it may enter a judgment of no cause of action (GCR 1963, 504.2).

7. SAME—DISMISSAL FOR INSUFFICIENT FACTS.
   Trial court's determination that plaintiff's facts presented were insufficient to justify continuation of the case, *held,* properly within the power of the trial court sitting without a jury under court rule (GCR 1963, 504.2).

Appeal from Genesee; Papp (Elza H.), J. Submitted Division 3 May 3, 1967, at Lansing. (Docket No. 1,557.) Decided December 1, 1967.

Complaint by Genesee Merchants Bank & Trust Company, a Michigan banking corporation, against Grand Packing Company and Parsell Packing Company, Michigan corporations, for conversion. Judgment for defendants. Plaintiff appeals. Affirmed.

*Neithercut & Neithercut,* for plaintiff.

*Edwin H. Rabin,* for defendants.

GILMORE, J. This is an appeal from the Genesee circuit court's dismissal of a nonjury case, on motion at the conclusion of plaintiff's case under GCR 1963, 504.2. The basic question relates to the sufficiency of a description in a chattel mortgage.

On April 20, 1963, Burton Turner purchased at public auction in Mason, Michigan, without plain-

tiff's knowledge, 3 head of registered Holstein cattle and 11 head of unregistered Holstein cattle. For payment, Turner issued a check payable to the auctioneer drawn on plaintiff's bank without sufficient funds. Turner believed, however, that the bank would honor the check when it was presented for payment. On May 2, 1963, Turner's check was received by the bank. Mr. Pollard, an employee of plaintiff bank, on that date called Turner to the bank and had him execute a chattel mortgage, prepared by Pollard, to secure a loan in an amount somewhat greater than the purchase price of the cattle. The description of the cattle in the chattel mortgage read as follows:

"Situated in the township of Clayton, county of Genesee, and State of Michigan, and free from all incumbrances, to-wit: 14 head registered Holstein cows".

The day following the execution of the chattel mortgage, Pollard went to Turner's farm in Clayton township and saw the 14 head of Holstein cattle. Pollard had no personal knowledge that these were the same cattle purchased by Turner some two weeks before at the Mason auction and had no way of identifying them as such.

Some time later, between May 3 and May 9, 1963, Pollard visited another farm leased by Turner in Gaines township, some 2-1/2 to 3 miles from the Clayton township farm, and observed thereon 14 Holstein cows. Pollard was not able to identify these cows as those purchased by Turner at the Mason auction or those he had formerly seen in Clayton township. The mortgage in question was recorded on May 9, 1963, in the Genesee county register of deed's office as originally written.

Some time later Turner approached Pollard with regard to the sale of the cattle, and Pollard advised

him that he could sell the cattle if he could find a cash buyer, or if he would find a prospective purchaser who would make special arangements for the financing of the cattle.

On June 2, 1963, Turner represented to Jacob Wapner, owner of defendant Grand Packing Company, that he had 14 head of cattle for sale, and that they were free and clear of any encumbrances. Wapner inspected the cattle, which were in Gaines township, and purchased them for $2,300. Subsequently, they were sold to the defendant Parsell Packing Company for the price of $2,100 and were slaughtered.

At the conclusion of this entire transaction, plaintiff bank learned of the situation and filed its complaint against Parsell Packing Company and Grand Packing Company, seeking damages for the alleged conversion of the cattle.

The first issue relates to the sufficiency of the description of the cattle identified in the chattel mortgage as "Situated in the township of Clayton, county of Genesee, and State of Michigan, and free from all incumbrances, to-wit: 14 head registered Holstein cows," as against the third-party purchaser defendants. Two significant facts appear. First, when the chattel mortgage was executed, the cattle were in Clayton township and were described as being there. Second, the description of the cattle was that of "14 head registered Holstein cows". The cattle purchased from Turner were 3 registered and 11 unregistered Holstein cows, and they were purchased from Turner at another farm in Gaines township, approximately three miles away from the Clayton township farm of Turner. The question thus becomes whether the chattel mortgage is valid and binding as to the defendants.

The general rule with reference to description of property in a chattel mortgage to be sufficient

against the third person is found in 124 ALR 945, where it is said that the description of mortgaged property must be definite enough to enable a third party, aided by inquiries which the instrument itself suggests, to identify the property.

Several Michigan cases have addressed themselves to this general problem. In *Jackson City Bank & Trust Company* v. *Blair* (1952), 333 Mich 399, the description of an "1 A-2 Internation ensilage harvester" in a chattel mortgage gave sufficient notice to a defendant purchasing a "No 2 ensilage harvester." The court further held in that case that the subsequent purchaser from a mortgagor has the burden of making reasonable inquiry beyond the description of the property in a chattel mortgage itself *if* it furnishes a means of identification, and if such reasonable inquiry would reveal the complete identification. Other descriptions considered by Michigan court include "one Sorrel horse" found to be insufficient in *Montgomery* v. *Wight* (1860), 8 Mich 143; "one Durm [Durham] bull, known as the Grinnalls bull, said bull is 4 years old and weighs about 2,400 pounds," held to be sufficient in *Wiley* v. *Snyder* (1876), 34 Mich 60; and "all the cattle, consisting of 2 yoke, aged 6 and 7 years, color, red, white, and blue * * * and all other property now in our possession in or about said village," held to be sufficient in *Fordyce* v. *Neal* (1879), 40 Mich 705.

See, also, *National Live Stock Credit Corp. of St. Louis* v. *Thompson* (CA 10, 1935), 76 F2d 696; *Genger* v. *Albers* (1949), 90 Cal App 2d 52 (202 P2d 569); and *Merced Production Credit Association* v. *Bayer* (1963), 222 Cal App 2d 793 (35 Cal Rptr 511).

The basic test is whether the description of the mortgaged property here was definite enough to enable the purchaser, aided by reasonable inquiries which the instrument itself suggests, to identify the property. It is our conclusion that it was not. First,

the description of the property was inaccurate. The description said 14 registered Holstein cows, while the actual cows purchased were only 3 registered Holstein and 11 unregistered. Second, the property was described as being on Turner's farm in Clayton township. The cattle purchased were purchased from another farm owned by Turner in Gaines township. Clearly, reasonable inquiry would not require a purchaser to go to a different township. Even if he had gone to Gaines township, he would not have found 14 registered Holsteins, but only 3 registered Holsteins.

One other fact is important in sustaining this decision. The trial court found that the plaintiff had failed to prove that the cattle purchased by defendants were the same cattle as those mortgaged by Turner to the bank. It is claimed on appeal that this finding is against the great weight of evidence. The present test for setting aside findings of fact of a trial court sitting without a jury is found in GCR 1963, 517.1, which provides *inter alia:*

"Findings of fact shall not be set aside unless clearly erroneous. In the application of this principle regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appeared before it."

A reading of this record does not convince us that the finding of the trial judge was clearly erroneous. There is no positive showing that the cattle sold were the same cattle as those mortgaged. The trial court's determination was not clearly erroneous.

A final complaint is made against the trial court's disposition of the case at the conclusion of plaintiff's case under GCR 1963, 504.2. The rule in pertinent part provides:

"After the plaintiff has completed the presentation of his evidence to the court in any action tried

without a jury, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. Thereupon, the court as trier of the facts may determine them and render judgment against the plaintiff, or may decline to render any judgment until the close of all the evidence."

Commenting upon this in the official committee notes, the drafters of GCR 1963, 504.2, said the following:

"The more important innovation to Michigan procedure under subrule 504.2 is dismissal for failure to show a right to relief. In some respects this motion to dismiss is similar to the present motion for directed verdict. It is, however, distinguished from that motion as follows: The motion for directed verdict requires the court to look at the evidence, in a light most favorable to the party attacked, and to decide, as a matter of *law*, if the evidence is sufficient to support a jury verdict. On the other hand, the defendant's motion for dismissal under Rule 504 is authorized only when the action is being tried without a jury. In such a case, the court may weigh and determine the *facts* as well as consider the sufficiency of the evidence as a matter of law. The power to make fact determinations at this stage of the trial stems from the court's function as trier of facts in any action tried without a jury."

Clearly, the standards to be applied by trial courts sitting without a jury when a proper motion is made at the conclusion of the plaintiff's case under GCR 1963, 504.2, are different from those to be applied in jury cases upon a motion for directed verdict at the conclusion of plaintiff's case. In jury cases the court may not direct the verdict unless there has been a total failure of proof as a matter of law. But

under GCR 1963, 504.2, the court may consider the facts, and if it finds that insufficient facts have been presented to justify continuation of the case, it may enter a judgment of no cause of action.

This is what the trial court did in the instant case. The facts were insufficient in the trial court's opinion to justify continuation of the case. The plaintiff had failed in its proofs. It was fully within the power of the trial court sitting without a jury to make this factual determination under GCR 1963, 504.2.

The judgment of the trial court is affirmed. Appellees may have costs.

LESINSKI, C. J., and QUINN, J., concurred.