JOHNSTON *v.* HARRIS

1. TRIAL—DIRECTED VERDICT—COURT'S DUTY—COURT RULE.

    Trial court must find the facts specially and state separately its conclusions of law on the facts when granting a motion for a directed verdict and rendering a judgment upon the completion of the plaintiff's proofs in a non-jury case (GCR 1963, 504.2; 517).

2. TRIAL — DIRECTED VERDICT — NONJURY CASE — STANDARD FOR GRANTING OF MOTION — COURT RULE.

    The trial judge in a nonjury case may grant a motion for a directed verdict at the close of the plaintiff's case if it finds that insufficient facts have been presented to justify continuation of the case (GCR 1963, 504.2).

3. NEGLIGENCE—INTERVENING CAUSE—INTENTIONAL HARM.

    A defendant, originally negligent, is not liable for harm caused by an intervening force where the harm is intentionally caused by a third person and is not within the scope of the risk created by the defendant's conduct; the defendant is not liable for harm caused by an intervening act of a third party which is intentionally tortious or criminal and is not within the scope of risk created by the defendant's original negligence.

4. NEGLIGENCE—LANDLORD AND TENANT—INTERVENING THIRD PARTY —MUGGING—PROXIMATE CAUSE.

    Finding of fact that the defendant landlord's breach of his claimed duties to light adequately the front entrance of the apartment building in which the plaintiff tenant lived and to maintain the lock on the front door in good repair were not the proximate cause of the plaintiff's injuries received when

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial §§ 1126, 1133.
[2] 53 Am Jur, Trial §§ 398, 1126.
[3, 4] 38 Am Jur, Negligence § 71.
    Intervening criminal act as breaking causal chain.  78 ALR 471.

he was "mugged" by an unknown third party when returning to his apartment was not so clearly erroneous as to require reversal, because the defendant, originally negligent, is relieved from the harm caused by an intervening criminal act of a third party which is not within the scope of the risk created by his original negligence.

Appeal from Wayne, Thomas Roumell, J. Submitted Division 1, November 4, 1970, at Detroit. (Docket No. 8311.)   Decided February 17, 1971.

Complaint by Reese Johnston against Robert G. Harris and National Bank of Detroit, co-administrators of the estate of Paul Cornell, deceased, for breach of landlord's duties to light a building front entrance adequately and to maintain a door lock in good repair resulting in plaintiff's being mugged. Directed verdict of no cause of action.   Plaintiff appeals.   Affirmed.

*Charfoos, Charfoos & Gruber* (by *L. S. Charfoos*), for plaintiff.

*Garan, Lucow, Miller & Lehman* (by *Thomas F. Murphy*), for defendants.

Before: LESINSKI, C. J., and J. H. GILLIS and BEASLEY,* JJ.

BEASLEY, J.   Plaintiff, an elderly tenant, seeks damages from defendant apartment building owner for breach of duties to light adequately the front entrance of the building and to maintain the lock on the front door in good repair.

Plaintiff claims that these breaches of duties owed to him were the proximate cause of his being "mugged" by an unknown assailant in the nighttime

---

* Circuit judge, sitting on the Court of Appeals by assignment.

on October 7, 1965, when he was returning to his apartment. Plaintiff seeks damages for the personal injuries inflicted upon him by the mugger.

The case was tried before the court without a jury. Upon completion of plaintiff's proofs, defendant moved for a directed verdict of no cause of action. In granting defendant's motion, the trial court found as follows:

"I cannot see where there has been a breach of duty of such a palpable type on the part of the landlord to put him in jeopardy of suit.   *   *   *   On review again of my notes and a study of the pretrial brief that was filed by plaintiff, the court is impelled in the direction of granting the motion for a directed verdict of no cause of action on the facts as stated and as submitted by testimony and other evidentiary matters. The court is unpersuaded that there was any degree of fault on the part of the landlord which could be declared to be the contributing or direct proximate cause for the injury that befell the plaintiff on this day in issue."

Defendant's motion for a directed verdict upon completion of plaintiff's proofs in a nonjury case is proper under GCR 1963, 504.2. Where, as here, the trial court grants such a motion and renders judgment on the merits, the trial court is obligated to make findings of fact as provided in GCR 1963, 517.

Under GCR 1963, 517, the trial court "shall find the facts specially and state separately its conclusions of law thereon".

In this case, the trial judge confined himself to the above-quoted findings of fact, which fall short of full, literal compliance with GCR 1963, 517.

In *Genesee Merchants Bank & Trust Company* v. *Grand Packing Company* (1967), 8 Mich App 568, 574, 575, this Court had occasion to rule on an appeal taken by a plaintiff in a nonjury case where the trial

court granted defendant's motion to dismiss at the conclusion of plaintiff's proofs. This Court said:

"Clearly, the standards to be applied by trial courts sitting without a jury when a proper motion is made at the conclusion of the plaintiff's case under GCR 1963, 504.2, are different from those to be applied in jury cases upon a motion for directed verdict at the conclusion of plaintiff's case. In jury cases the court may not direct the verdict unless there has been a total failure of proof as a matter of law. But under GCR 1963, 504.2 the court may consider the facts, and if it finds that insufficient facts have been presented to justify continuation of the case, it may enter a judgment of no cause of action.

"This is what the trial court did in the instant case. The facts were insufficient in the trial court's opinion to justify continuation of the case. Plaintiff had failed in its proofs. It was fully within the power of the trial court sitting without a jury to make this factual determination under GCR 1963, 504.2."

Review of the record in the instant case indicates that plaintiff made a *prima facie* case that defendant owed a duty to plaintiff to maintain adequate lighting and door locks. There was also evidence sufficient for a *prima facie* case that defendant violated these duties. The trial court did not make specific findings of fact that defendant did not owe these duties nor that defendant did not breach these duties.

However, a different question arises with respect to whether this breach of duty by defendant was the proximate cause of the injury to plaintiff from the "mugger." In short, where there is an intervening or superseding cause arising from an intentional tort, can the breach of duty by defendant arising

from ordinary negligence be a proximate cause of the damage and injury?

This subject is dealt with in some detail in 2 Restatement Torts, 2d, § 442B, p 469, which provides as follows:

"Where the negligent conduct of the actor creates or increases the risk of a particular harm and is a substantial factor in causing that harm, the fact that the harm is brought about through the intervention of another force does not relieve the actor of liability *except where the harm is intentionally caused by a third person and is not within the scope of the risk created by the actor's conduct."* (Emphasis supplied.)

The above section is cited with approval in *Raatikka* v. *Olin Mathieson Chemical Corporation* (1967), 8 Mich App 638, 642. The comment to that section of the Restatement further provides:

"The rule stated in this Section does not apply where the harm of which the risk has been created or increased by the actor's conduct is brought about by the intervening act of a third person which is intentionally tortious or criminal, and is not within the scope of the risk created by the original negligence. Such tortious or criminal acts may in themselves be foreseeable, and so within the scope of the created risk, in which case the actor may still be liable for the harm, under the rules stated in §§ 448 and 449. But if they are not, the actor is relieved of responsibility by the intervention of the third person. The reason usually given by the courts is that in such a case the third person has deliberately assumed control of the situation, and all responsibility for the consequences of his act is shifted to him." 2 Restatement Torts, 2d, § 442B, Comment C, p 471.[1]

---

[1] Section 448 of the Restatement provides:
"The act of a third person in committing an intentional tort or crime is a superseding cause of harm to another resulting therefrom, although the actor's negligent conduct created a situation which

None of the illustrations and examples in the Restatement of Torts accompanying the above-quoted portions appear to contemplate a situation where the superseding cause is an assault and battery such as occurred here, nor do they appear to support the proposition that a breach of duty owed by a landlord to a tenant could be the proximate cause of damage and injury arising from the assault and battery by a third person.

In the recent case of *Davis* v. *Thornton* (1970), 384 Mich 138, the Supreme Court, in overruling *Corinti* v. *Wittkopp* (1959), 355 Mich 170, held that where a defendant leaves his key in the ignition and a thief steals his car and negligently causes a collision, the question of whether defendant's negligence in leaving his key in the ignition is a proximate cause of the collision damage is a question of fact for the jury.

Nothing in *Davis, supra,* precludes the trial judge here from a finding of fact that the alleged negligence of defendant landlord was not a proximate cause of the injury to plaintiff occasioned by the mugger.

We conclude that the trial judge's finding of fact that the alleged negligence of defendant was not a proximate cause of the injuries suffered by plaintiff is not so clearly contrary to law as to require reversal.

---

afforded an opportunity to the third person to commit such a tort or crime, unless the actor at the time of his negligent conduct realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a tort or crime."

Section 449 provides as follows:

"If the likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious, or criminal does not prevent the actor from being liable for harm caused thereby." 2 Restatement Torts, 2d, §§ 448, 449, pp 480, 482.

Plaintiff also claims the trial court erred in denying him a jury trial. The record indicates no demand for jury trial in accordance with GCR 1963, 508. There was no abuse of discretion in denial of a jury trial.

Affirmed.

All concurred.