VAUGHN v VAKULA

1. WORKMEN'S COMPENSATION—NEGLIGENCE—INDEMNIFICATION.
   An employer who has paid, or is paying, workmen's compensation benefits to a plaintiff employee is not liable to a third party for indemnification as a joint tortfeasor.

2. WORKMEN'S COMPENSATION—NEGLIGENCE—INDEMNIFICATION.
   The employer of a man injured by a faulty meat grinder is not liable to the owner lessor of the meat grinder for indemnification as a joint tortfeasor where the employee has been granted workmen's compensation benefits.

Appeal from Saginaw, Eugene Snow Huff, J. Submitted Division 3 February 3, 1972, at Grand Rapids. (Docket Nos. 9856, 9954.) Decided February 22, 1972.

Complaint by Jessie Vaughn, as next friend of Tommy Vaughn, against Edward Vakula, Michael Vakula, Jr., and Henry Serges for negligence. Cross-claim by the Vakula brothers against Serges for indemnification. Summary judgment for Serges on the cross-claim. Defendants Vakula appeal. Affirmed.

*Heilman, Purcell, Tunison & Cline,* for defendant Serges.

*Egloff, Mainolfi, Taylor, McGraw & Collins,* for defendants Vakula.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Workmen's Compensation § 357 *et seq.*

Before: FITZGERALD, P. J., and R. B. BURNS and HOLBROOK, JJ.

R. B. BURNS, J.   Plaintiff, a minor, while employed by defendant Serges, injured his hand cleaning a meat grinder owned by the defendants Vakula Brothers and leased to Serges.   The meat grinder did not have a protective guard over its top; both Vakula Brothers and Serges agree that the absence of such a protective guard was readily apparent.

Plaintiff, via his next friend, brought suit against Vakula Brothers and Serges, but Serges' subsequent motion for summary judgment was granted because of plaintiff's successful application for workmen's compensation benefits.[1]

The Vakula Brothers filed a cross-claim against Serges alleging a right of indemnification against Serges based on implied contract or on the alternative theory that a "passive" tortfeasor may seek indemnity from an "active" tortfeasor.   The Vakula Brothers appeal from the trial court's decision granting Serges' motion for summary judgment[2] against the Vakula Brothers' cross-claim.

The Vakula Brothers' theories of indemnification are not applicable to the present case.   An employer who has paid, or is paying, workmen's compensation benefits to the plaintiff will not be liable for indemnification as a joint tortfeasor.   *Husted* v *Consumers*

---

[1] The Workmen's Compensation Act provides:
"Where the conditions of liability under this act exist, the right to the recovery of compensation benefits as provided in this act shall be the *exclusive remedy* against the employer." (Emphasis supplied.)   MCLA 418.131; MSA 17.237(131).

Serges, plaintiff's employer at the time of the accident, and his compensation carrier have paid and continue to pay double weekly payments to plaintiff's guardian.

[2] The motion was based on GCR 1963, 117.2(3), *i.e.*, "that except as to the amount of damages there is no genuine issue as to any material fact, and the moving party is therefore entitled to judgment as a matter of law."

*Power Co,* 376 Mich 41 (1965); *Vannoy* v *City of Warren,* 2 Mich App 78 (1965).

However, Vakula Brothers could have, if desired, included in the order of dismissal a declaration of no prejudice to their original right, if any, to recover against Henry Serges should they be compelled to satisfy—in whole or in part—any judgment or judgments these plaintiffs may recover in the cause now at issue. See *Husted* v *Consumers Power Co, supra.*

Affirmed. Costs to Serges.

All concurred.