JEMINSON v MONTGOMERY REAL ESTATE & COMPANY

Docket No. 55097. Argued June 5, 1974 (Calendar No. 9).—Decided March 29, 1976. Rehearing denied 396 Mich 992.

Plaintiff Annie L. Jeminson agreed to purchase a house from defendant Montgomery Real Estate Company and gave a purchase money mortgage to defendant Michigan Mortgage Corporation pursuant to a mortgage agreement. After plaintiff moved into the house, she discovered that the real estate company had fraudulently misrepresented its condition and value, and abandoned it as uninhabitable. The mortgage was foreclosed. Plaintiff brought a complaint in Wayne Circuit Court, Harry J. Dingeman, Jr., J., seeking rescission of the agreements, damages and other relief. The complaint alleged that the defendant mortgage corporation knew that plaintiff was receiving welfare assistance, was unemployed, had little formal education, and had little, if any, experience in commercial transactions, that the mortgage corporation knew that the real estate company had a reputation for using unscrupulous and deceptive practices, that the mortgage corporation knew, or should have known through its investigation, the various facts charged to establish fraud by the real estate company, and that therefore it made itself an integral and necessary part of the fraudulent transaction when it entered into the mortgage loan agreement with plaintiff without warning her of her peril and imminent financial loss. The circuit court granted summary judgment for the defendant mortgage corporation for failure to state a claim upon which relief could be granted. The Court of Appeals, J. H. Gillis, P. J., and McGregor, J. (Adams, J., dissenting) affirmed (Docket No. 13406). Plaintiff appeals. *Held:*

Under the allegations in the complaint, it cannot be concluded that the transaction in this case was binary and not unitary, since the purchase agreement was specifically provisioned upon the securing of a mortgage. In view of the serious allegations raised in the complaint, it cannot be concluded that the plaintiff has not stated a claim upon which relief could be granted and summary judgment was improperly granted.

REFERENCE FOR POINTS IN HEADNOTE
55 Am Jur 2d, Mortgages §§ 1138, 1141.

Reversed and remanded for trial.

47 Mich App 731; 210 NW2d 10 (1973) reversed.

### OPINION OF THE COURT

1. MORTGAGES—LAND SALES TRANSACTIONS—FRAUD.

A complaint by a purchaser of real estate from a real estate company seeking rescission of a real estate purchase agreement stated a claim upon which relief could be granted against a defendant mortgage company which had lent money to plaintiff to purchase a house from a real estate company where the complaint alleged that the defendant mortgage company knew that plaintiff was receiving welfare assistance, was unemployed, had little formal education, and had little, if any, experience in commercial transactions, that the mortgage corporation knew the real estate company had a reputation for using unscrupulous and deceptive practices, and that the mortgage corporation knew, or should have known through its investigation, the various facts charged to establish fraud by the real estate company, and, therefore, made itself an integral and necessary part of the fraudulent transaction when it entered into the mortgage loan agreement, upon which the purchase agreement was conditioned, with plaintiff without warning her of her peril and imminent financial loss.

### DISSENTING OPINION

### COLEMAN and FITZGERALD, JJ.

2. MORTGAGES—LAND SALES TRANSACTIONS—FRAUD.

*A complaint by a purchaser of real estate from a real estate company seeking rescission of a real estate purchase agreement did not state a claim upon which relief could be granted against a defendant mortgage company which had lent money to plaintiff to purchase a house from a real estate company where the complaint alleged that the defendant mortgage company knew that plaintiff was receiving welfare assistance, was unemployed, had little formal education, and had little, if any, experience in commercial transactions, that the mortgage corporation knew the real estate company had a reputation for using unscrupulous and deceptive practices, and that the mortgage corporation knew, or should have known the facts alleged to establish fraud by the real estate company, and, therefore, made itself part of the fraudulent transaction when it entered into the mortgage loan agreement, upon which the purchase agreement was conditioned, with plaintiff without warning her of her peril and imminent financial loss; any fraud or uncon-*

*sionability attributable to the purchase agreement cannot be ascribed to a subsequent mortgage agreement which itself is neither fraudulent or unconscionable where for good and valuable consideration the mortgage corporation took a mortgage equal in value to the money advanced.*

*Wayne County Neighborhood Legal Services, Center for Urban Law & Housing* (by *Michael J. Barnhart, Sam Tsoutsanis, Marilyn Miller Mosier, Allyn Ravitz* and *Michael B. Bixby,* of counsel) for plaintiff.

*Perlman, Garber & Holtz* (by *Judith A. Holtz)* for defendant Michigan Mortgage Corporation.

KAVANAGH, C. J. For the reasons stated by former Justice ADAMS in his dissent in this case, 47 Mich App 731, 741; 210 NW2d 10, 14 (1973), the decision of the Court of Appeals is reversed and the cause remanded for trial.

WILLIAMS and LEVIN, JJ., concurred with KAVANAGH, C. J.

LINDEMER and RYAN, JJ., took no part in the decision of this case.

COLEMAN and FITZGERALD, JJ. *(dissenting).* We would affirm the decision of the Court of Appeals for the reasons set forth in the majority opinion, 47 Mich App 731, 733–741; 210 NW2d 10, 11–14 (1973).