RAMOS v HOLMBERG (ON REHEARING)

OPINION OF THE COURT

1. JUDGMENT—SUMMARY JUDGMENT—FAILURE TO STATE CLAIM—
   PLEADING.

   The test which a court should apply in considering motions for
   summary judgment is whether a plaintiff's claim, on the plead-
   ings, is so clearly unenforceable as a matter of law that no
   factual development can possibly justify a right to recovery.

2. VENDOR AND PURCHASER—JUDGMENT—SUMMARY JUDGMENT—LAND
   CONTRACT—DEFECTS IN PROPERTY.

   Summary judgment is improper, assuming every well-pleaded
   allegation in a plaintiff's complaint to be true, where a plaintiff
   vendee under a land contract alleges that defendant vendor
   suppressed knowledge that the premises were uninhabitable
   and literally disintegrating in an action for breach of an
   implied warranty of habitability, where plaintiff's claim is not
   so clearly unenforceable as a matter of law that no factual
   development can possibly justify a right to recovery.

DISSENT BY D. E. HOLBROOK, JR., J.

3. VENDOR AND PURCHASER—JUDGMENT—SUMMARY JUDGMENT—LAND
   CONTRACT—DEFECTS IN PROPERTY—FAILURE TO STATE CLAIM.

   *Summary judgment is properly granted to a land contract vendor
   where a plaintiff purchaser from the land contract vendee fails
   to state a claim upon which relief can be granted; in an action
   for damages for breach of an implied warranty of habitability,
   no such claim is stated against a defendant land contract
   vendor, who is not liable for alleged defects in a house pur-
   chased by the plaintiff from his land contract vendee.*

Appeal from Ingham, Jack W. Warren, J. Sub-

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 73 Am Jur 2d, Summary Judgment § 16.
[2] 73 Am Jur 2d, Summary Judgment § 5.

mitted October 15, 1975, at Lansing. (Docket No. 22880.) Decided April 18, 1977.

Complaint by Philip Ramos and Julia Ramos against C. E. Holmberg, Helen Flury, Sam Saylor, Irene Saylor, Jack M. Ranck and Helga A. Ranck for damages for breach of an implied warranty of habitability of a house purchased and for fraud. Summary judgments in favor of defendants Ranck. Plaintiffs appealed. Affirmed, 67 Mich App 470. Plaintiffs' petition for rehearing before the Court of Appeals granted. Previous holding reversed and cause remanded.

*David W. Sinclair,* for plaintiffs.

*Foster, Swift & Collins, P. C.* (by *Clifford D. Weiler),* for defendants Jack M. Ranck and Helga A. Ranck.

Before: M. F. CAVANAGH, P. J., and D. E. HOL-BROOK, JR. and M. J. KELLY, JJ.

On Rehearing

M. J. KELLY, J. This case was originally decided February 26, 1976, and published at 67 Mich App 470; 241 NW2d 253. We granted rehearing principally because one of the authorities relied upon by the majority was later reversed by the Supreme Court. *Jeminson v Montgomery Real Estate & Co,* 396 Mich 106; 240 NW2d 205 (1976).

On rehearing we reverse the decision of the trial court for the reasons outlined in the dissent at 67 Mich App 470, 478. The cause is remanded.

It is pointed out by the defendants that entirely

unlike the mortgage company in *Jeminson* the Rancks were not active participants in the transaction involved, did not afford credit or financing and performed merely a ministerial act to acquiesce in the transaction between the immediate sellers, the Saylors, and the plaintiffs. We are not equating the Rancks' position with the mortgage company's position in *Jeminson.* We are holding only that assuming every well pleaded allegation in plaintiffs' complaint to be true, summary judgment was erroneous.

Plaintiffs have alleged that defendants-appellees suppressed knowledge that the premises in question were uninhabitable and literally disintegrating. On favorable view we hold that plaintiff's claim is not "so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery". *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426, 431; 202 NW2d 577 (1972).

We consider it unnecessary to reprint here the dissenting opinion referred to above.

Reversed and remanded.

M. F. Cavanagh, P. J., concurred.

D. E. Holbrook, Jr., J. *(dissenting).* The fact that *Jeminson v Montgomery Real Estate & Co,* 47 Mich App 731; 210 NW2d 10 (1973), was subsequently reversed by the Supreme Court in 396 Mich 106; 240 NW2d 205 (1976), does not change my opinion as to the disposition of this case. Hence, for the reasons set forth in my original opinion, 67 Mich App 470; 241 NW2d 253 (1976), and commencing with the first full paragraph on page 475 thereof and continuing to the end, I respectfully dissent.