VANNOY v. CITY OF WARREN.

JOHNSON & ANDERSON, INC., v. NELSON M. SHARROW
EXCAVATING CO., INC.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION—NEGLIGENCE
—JOINT TORT-FEASOR.
    An employer, covered by the workmen's compensation act, may
    not be held to respond in damages as a joint tort-feasor for
    negligence in addition to his liability under the workmen's
    compensation act (CL 1948, § 411.1 et seq., as amended).

2. DEATH—WORKMEN'S COMPENSATION—THIRD-PARTY COMPLAINT—
NEGLIGENCE.
    Permission to amend third-party complaint by city and its en-
    gineers, defendants in action under the wrongful death act
    by the widow of third-party defendant's employee so as to
    charge such latter defendant with negligence held, properly
    denied, since the liability to an employee of an employer
    subject to the workmen's compensation act is confined to the
    liability thereunder (CL 1948, § 411.1 et seq., as amended
    § 691.581 et seq.).

3. INDEMNITY—CONSTRUCTION OF CONTRACTS—INTENT.
    Indemnity contracts are to be so expounded as to effectuate the
    intentions of the parties, and in ascertaining such intentions
    the court must take into consideration not only the language
    of the contract, but the situation of the parties and the cir-

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Workmen's Compensation § 66.
[3] 27 Am Jur, Indemnity § 13 et seq.
[4] 41 Am Jur, Pleadings § 340 et seq.
[5] 20 Am Jur 2d, Costs § 10 et seq.

cumstances surrounding them at the time the contract was made.

4. JUDGMENT—SUMMARY JUDGMENT—THIRD-PARTY DEFENDANT—IN-
   DEMNITY CONTRACT.

Trial court's denial of third-party defendant's motion for sum-
mary judgment in action under death act against defendant
city and its engineers which had contracted with the third-party
defendant to install a sewer, in which activity plaintiff's hus-
band had been killed, *held*, proper, where construction of in-
demnity contract, forming the basis of the third-party com-
plaint, was properly determinable at the trial (CL 1948, §
691.581 *et seq.*).

5. COSTS—THIRD-PARTY DEFENDANT—NEGLIGENCE—SUMMARY JUDG-
   MENT.

Costs in action under death act wherein defendants impleaded
her late husband's employer as a third-party defendant, are
awarded to plaintiff on appeal of defendants from denial
of their motion to add a count based on negligence of the third-
party defendant and latter cross-appealed from denial of its
motion for summary judgment, and both denials are affirmed,
plaintiff alone having prevailed in full (CL 1948, § 691.581
*et seq.*).

Appeal from Macomb; Carroll (Howard R.), J. Submitted Division 2 November 2, 1965, at Lansing. (Docket Nos. 51, 52.) Decided December 20, 1965. Leave to appeal denied by Supreme Court February 24, 1966. See 377 Mich 703.

Declaration by Pollyana Vannoy, administratrix of the estate of John Carl Vannoy, deceased, against City of Warren and Johnson & Anderson, Inc., for the wrongful death of decedent, who when working in a manhole was overcome by gas and fell into 7 feet of water. Defendants' motion to add third-party defendant, Nelson M. Sharrow Excavating Company, Inc., granted. Defendants' motion to amend third-party complaint denied. Defendants appeal. Third-party defendant's motion for summary judgment denied. Third-party defendant appeals. Affirmed.

*Ward, Plunkett, Cooney, Rutt & Peacock (John D. Peacock* and *Charles T. McGorisk,* of counsel), for defendant Johnson & Anderson, Inc.

*Nunneley, Nunneley & Hirt,* for defendant City of Warren.

*Alexander, Buchanan & Conklin (John A. Kruse,* of counsel), for third-party defendant Nelson M. Sharrow Excavating Company, Inc.

T. G. KAVANAGH, J. Plaintiff's deceased husband was an employee of the Nelson M. Sharrow Excavating Co., Inc., which had contracted with the defendant city of Warren to do certain work in connection with the installation of a sewer. On February 21, 1961, the plaintiff's decedent in the course of his employment descended into a manhole, was allegedly overcome by gas, and fell into 7 to 10 feet of water where he died. The plaintiff sued the city of Warren and its engineers, Johnson & Anderson, Inc., under the wrongful death statute[1] alleging negligence on the part of each.

Pursuant to court order, the defendants filed third-party complaints against the Sharrow Excavating Co., on the basis of an indemnity agreement. Thereafter the defendants filed a motion to amend their third-party complaint to add a count for negligence against Sharrow. The trial court denied the motion and from this ruling this appeal is taken.

The issue raised was whether an employer covered by the workmen's compensation act[2] could be held to respond in damages as a joint tort-feasor for negligence in addition to his liability under the act.

---

[1] See CL 1948, § 691.581 *et seq.* (Stat Ann 1959 Cum Supp § 27.711 *et seq.*).—REPORTER.

[2] See CL 1948, § 411.1 *et seq.,* as amended (Stat Ann 1960 Rev § 17.141 *et seq.,* as amended).—REPORTER.

At the time the briefs were submitted this was a question of first impression in Michigan. However, the Supreme Court has since resolved the issue in the case of *Husted* v. *Consumers Power Co.* (1965), 376 Mich 41.

In that case Husted was injured when the crane he was operating came in contact with power lines owned by defendant Consumers. Consumers filed a third-party complaint against Husted's employer Hertel-Dego charging negligence on the employer's part and demanding contribution. The Court stated at page 56 of the opinion:

"Thus if Husted could not sue his employer (Hertel-Dego), and we know he could not, Hertel-Dego and Consumers cannot be joint tort-feasors by law. Consumers therefore cannot sue Hertel-Dego for contribution should it be held to respond to plaintiff in damages."

Accordingly the trial judge here was correct in refusing to permit amendment of appellants' third-party complaint to include negligence.

The appellee has filed a cross appeal in this case. As third-party defendant the appellee filed a motion for summary judgment on the grounds that the indemnity agreement cannot be construed to indemnify third-party plaintiffs against their negligence. The trial judge denied the motion stating the indemnity agreement ought to be construed at the trial.

The law on this point is well settled in Michigan. The Supreme Court said in the case of *Title Guaranty & Surety Co.* v. *Roehm* (1921), 215 Mich 586, at p 592:

" 'Indemnity contracts like other contracts are to be so expounded as to effectuate the intentions of the parties. Thus in ascertaining the intention of the parties, the court must take into consideration not only the language of the contract but the situation

of the parties and the circumstances surrounding them at the time the contract was made.' 22 Cyc, p 84."

In his opinion on the motion for summary judg- ment the trial court said: "The court cannot at this preliminary juncture determine with finality that the terms are equivocal, ambiguous, and uncertain * * * construction thereof must await the trial."

Whatever facts defining the "situation of the par- ties and the circumstances surrounding them" may be properly established at the trial are appropriate for the court's consideration.

The trial court is therefore affirmed.

The plaintiff-appellee alone having prevailed in full, may tax her costs against the defendants city of Warren and Johnson & Anderson.

McGREGOR, P. J., and FITZGERALD, J., concurred.