CROWTHER v ROSS CHEMICAL AND MANUFACTURING
COMPANY

1. PLEADING—SUMMARY JUDGMENT—FAILURE TO STATE A CLAIM.

A motion for summary judgment on the grounds that the oppos-
ing party has failed to state a claim upon which relief can be
granted tests the legal sufficiency of a plaintiff's claim, but is
not a test of whether there is any factual support for the claim
(GCR 1963, 117.2[1]).

2. PLEADING—SUMMARY JUDGMENT—FAILURE TO STATE A CLAIM.

A plaintiff has failed to state a claim upon which relief can be
granted if his claim is so clearly unenforceable as a matter of
law that no factual development could possibly justify a right
to recovery (GCR 1963, 117.2[1]).

3. PLEADING—SUMMARY JUDGMENT—FAILURE TO STATE A CLAIM—IS-
SUES OF FACT.

Summary judgment on the pleadings is not proper on a motion to
dismiss for failure to state a cause of action where resolution of
the legal issue may depend on factual context (GCR 1963,
117.2[1]).

4. PRODUCTS LIABILITY—DUTY—SUMMARY JUDGMENT—REASONABLE-
NESS.

A defendant's motion for summary judgment on the pleadings
was properly denied in a products liability action where the
defendant manufacturer was charged with a duty to issue
warnings or to amend the design of its product in order to
prevent injury caused by the intentional misuse of the product;
such a duty is a question of reasonableness which cannot

REFERENCES FOR POINTS IN HEADNOTES

[1–3] No references.
[4] 63 Am Jur 2d, Products Liability § 63.
Manufacturer's or seller's duty to give warning regarding product
as affecting his liability for product-caused injury, 76 ALR2d 9.
Manufacturer's or seller's duty as to product design as affecting his
liability for product-caused injury, 76 ALR2d 91.
[5] 63 Am Jur 2d, Products Liability §§ 15, 33, 59.
[6] 63 Am Jur 2d, Products Liability §§ 22–24.

properly be determined on the basis of pleadings alone (GCR 1963, 117.2[1]).

5. PRODUCTS LIABILITY—INTENTIONAL MISUSE—"GLUE SNIFFING".

It is improper for a trial court to assume on the basis of pleadings alone that the act of "glue sniffing" is an intentional misuse of defendant manufacturer's glue, thereby relieving the manufacturer of liability for damages occasioned by the "glue sniffing", where plaintiff alleged that the defendant knew or should have known that this was an alternative use for its product.

6. PRODUCTS LIABILITY—PROXIMATE CAUSE—SUMMARY JUDGMENT.

The issue of proximate cause in a products liability action is not a matter for summary judgment on the pleadings alone since resolution of the issue depends largely upon the factual context of the plaintiff's allegations (GCR 1963, 117.2[1]).

Appeal from Wayne, Neal Fitzgerald, J. Submitted Division 1 June 8, 1972, at Detroit. (Docket No. 10899.) Decided August 28, 1972.

Complaint by Joseph H. Crowther, as administrator of the estate of Deborah Crowther and Kimberly Crowther, deceased, against Ross Chemical and Manufacturing Company and others for damages for wrongful death. Defendant Ross Chemical's motion for summary judgment denied. Defendant appeals by leave granted. Affirmed.

*Sullivan, Sullivan, Ranger & Ward* (by *Richard A. Bone),* for plaintiff.

*Plunkett, Cooney, Rutt & Peacock* (by *Jeannette A. Paskin* and *Richard F. Brennan),* for defendant Ross Chemical and Manufacturing Company.

Before: J. H. GILLIS, P. J., and McGREGOR and BORRADAILE,* JJ.

J. H. GILLIS, P. J. Defendant Ross Chemical and

---

* Probate judge, sitting on the Court of Appeals by assignment.

Manufacturing Co. was granted leave to appeal from the trial court's denial of its motion for summary judgment for failure to state a claim upon which relief can be granted. GCR 1963, 117.2(1). The case comes to this Court on the following agreed statement of facts:

"1. On April 24, 1970 plaintiff as duly appointed administrator of the estate of his two daughters brought a cause of action against defendant Ross Chemical and Manufacturing Company and others alleging the following against defendant Ross Chemical and Manufacturing Company:

"a. That Ross Chemical and Manufacturing Company engaged in the business of manufacturing for sale a certain chemical compound, Ross Plastic Model Cement, commonly known as airplane glue;

"b. That on or about April 28, 1967 the plaintiff's decedents, Deborah Louise Crowther, eight (8) years of age and her sister Kimberly Crowther, six (6) years of age were returning to their home on North Wayne Road in Westland, County of Wayne, State of Michigan;

"c. That while doing so, plaintiff's decedents, without any act of negligence on the part of the plaintiff or his decedents, were set upon, assaulted and killed by the defendant, John A. Turner, who was acting under the effects of a certain practice known as 'glue sniffing.' Further, that defendant, John A. Turner, had been sniffing products known as Ross Plastic Model Cement and Testor's Cement for Plastic Models.

"d. That defendant Ross Chemical and Manufacturing Company knew or should have known, of the dangerous qualities of negligently manufacturing and making available for purchase such glue on the open market and failed to properly warn of its dangerous qualities.

"e. That defendant, Ross, negligently manufactured and made available for purchase its product, when it knew, or should have known, that it might be used in the practice commonly called glue sniffing, and such practice results in hallucination, depression, loss of self-control and insanity.

"f. That the negligence of the defendant, Ross, con-

sisted of manufacturing for public use a product which they knew, or should have known, had dangerous results when used in glue sniffing. That they knew, or should have known, that their product was commonly used for such purpose and that it was making available an attractive nuisance to certain children.

"g. That it was the duty of the defendant, Ross, under the circumstances then and there existing, to manufacture its product in such a fashion, as to be safely placed in the hands of consumers, many of whom the defendant, Ross, knew, or should have known, were minors who were known to use the product for glue sniffing.

"h. That the proximate cause of the injuries complained of was the failure of the defendant, Ross, to manufacture and market a product safe for use in the hands of the public, and that the injury done the plaintiff's decedents was a direct result of such negligence of this defendant and violative of the implied and express warranties of fitness.

"2. On the basis of the allegations as set forth above, defendant Ross Chemical and Manufacturing Company moved for summary judgment in the trial court.

"3. The court denied defendant's motion for summary judgment.

"4. The defendant Ross Chemical and Manufacturing Company is appealing from the denial of the trial court for summary judgment."

Before making any disposition of this case, it is necessary to focus our attention on the nature of the particular motion here involved. A motion under GCR 1963, 117.2(1) is the modern equivalent of a demurrer under common-law pleading or a motion to dismiss "for failure to state a cause of action" under code pleading systems. It tests the *legal* sufficiency of a plaintiff's claim, and is thus distinguishable from a motion under GCR 1963, 117.2(3), which is designed to test whether there is any *factual* support for a claim or a defense. 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 1969 Supp, p 50. Rule 117.2(1), like

most of our court rules, is derived from the Federal Rules of Civil Procedure—in this case, rule 12(b)(6). In an extended discussion of rule 12(b)(6) in 5 Wright & Miller, Federal Practice & Procedure, §§ 1355–1358, pp 587–626, the limited role of this motion in the disposition of cases is emphasized. Under Federal practice, motions to dismiss for failure to state a claim are viewed with disfavor and rarely granted. 5 Wright & Miller, *supra,* § 1357, p 598. This is in part due to the fact that in considering such motions, the factual allegations of the plaintiff are accepted as true along with any conclusions that can reasonably be drawn therefrom. 5 Wright & Miller, *supra,* § 1357, p 597. However, this attitude also reflects the policy under modern rules of procedure to dispose of cases according to their merits, rather than by applying technical rules formalistically to bar meritorious claims.

"The court should be especially reluctant to dismiss on the basis of the pleadings when the asserted theory of liability is novel or extreme, since it is important that new legal theories be explored and assayed in the light of actual facts rather than a pleader's suppositions." 5 Wright & Miller, *supra,* § 1357, p 603.

"It is perhaps ironic that the more extreme or even far-fetched is the asserted theory of liability, the more important it is that the conceptual legal theories be explored and assayed in the light of actual facts, not a pleader's supposition. If for no other reason, this affords some protection against the dubious extension of tort principles into new and unheard of fields resulting from a court opinion elucidating legal responsibilities as to facts which may never be." *Shull v Pilot Life Insurance Co,* 313 F2d 445, 447 (CA 5, 1963).

Apparently it is felt that where a plaintiff's legal theory seems questionable, the preferable approach under Federal practice is to proceed by way

of rule 56, summary judgment. See *Shull v Pilot Life Insurance Co, supra; Barber v Motor Vessel "Blue Cat",* 372 F2d 626 (CA 5, 1967). This allows the parties to develop the case beyond the bare bones of the pleadings via depositions, affidavits, and documentary evidence. Under our practice this would involve a motion under GCR 1963, 117.2(3), with all of the methods provided in GCR 1963, 117.3 for the development of the factual context of plaintiff's claim. Where the material facts are not controverted, this enables the court to view the factual situation in depth, but conserves the resources of the court by placing the onus on the parties to develop the facts. The test which the court should apply in considering motions under GCR 1963, 117.2(1) is whether plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. In a case such as the one now before us, where the resolution of the legal issue may depend greatly upon the factual context, summary judgment on the pleadings is never proper.

Defendant first asserts that a manufacturer does not have a duty to issue warnings or to amend the design of its product so as to prevent injury to third persons caused by the intentional misuse of its product by another even when the manufacturer knows or should have known that its product might be put to such use; a complaint basing liability under these conditions fails to state a claim upon which relief can be granted. In discussing the general concept of "duty", Prosser, Torts (3d ed), § 53, p 334, states:

"No better general statement can be made, than that the courts will find a duty where, in general, reasonable men would recognize it and agree that it exists."

Clearly, the question of reasonableness turns greatly on the factual context. Defendant's argument rests upon various factual suppositions which cannot properly be made on the basis of the pleadings alone, and, certainly, not in the face of the favoritism which is accorded plaintiff under GCR 1963, 117.2(1). In particular it would be improper, *on the basis of the pleadings alone,* to assume either that glue sniffing was a misuse of defendant's product, or that, if it was a misuse, it was intentional in the sense that courts have found bars recovery. Presumably, in defendant's view, any use of "Ross Plastic Model Cement" other than cementing parts of plastic airplane models is a misuse of the product. Surely a manufacturer cannot remove itself from liability on so narrow a ground. The proper statement of the rule is that "[t]he harmfulness of a product is, of course, not shown by proof that it caused injury when put to a use *not intended or expected (or expectable)* by its manufacturer or seller". 1 American Law of Products Liability, § 1.5, pp 6–7. (Emphasis supplied.) It is an issue of fact whether, as plaintiff alleges in his complaint, the practice of glue sniffing was, at this time, sufficiently notorious that defendant knew or should have known that this was an alternative use for its product. On the other hand, defendant's argument that warnings would have been futile since the act of glue sniffing is deliberate is specious since it both assumes facts not in evidence and cannot necessarily be said to follow, particularly in light of the fact that plaintiff is the one entitled to all favorable inferences for purposes of the motion.

Defendant's second response to plaintiff's claim is that even if there was a breach of a duty owed plaintiff, such breach was not, as a matter of law,

a proximate cause of the injury in this case—the intentional, intervening act of glue sniffing being a superseding cause absolving the manufacturer from any liability. 2 Restatement, Torts, 2d, § 442B, p 469, which defendant urges in support of its claim of lack of proximate cause, is not the proper section to be applied in this case. Although it is dubious whether death fits within the scope of § 442B in this particular case, the title of said section being "Intervening Force Causing Same Harm as that Risked by Actor's Conduct", it is clear that this section was not meant to apply where there is involved an intervening act of a third person which is intentionally tortious or criminal. § 442B, comment $C$.[1] Rather, more in point are §§ 402A, 448, and 449. These sections clearly indicate that the resolution of the issue of proximate cause depends greatly upon the facts as they ultimately appear. These are not matters which can be resolved on the pleadings alone. Only after the factual context of plaintiff's allegations becomes known may an intelligent evaluation of the legal grounds for liability be made.

Affirmed. Costs to appellee.

All concurred.

---

[1] Likewise, it should be noted that defendant's reliance upon *Johnston v Harris,* 30 Mich App 627 (1971), is misplaced, said case having since been reversed by our Supreme Court. *Johnston v Harris,* 387 Mich 569 (1972).