HUBBERT v ACME EQUIPMENT COMPANY

1. INDEMNITY—CONTRACTS—CONSTRUCTION OF CLAUSES.

Indemnity clauses are construed most strictly against the party who drafts them and the party who is the indemnitee.

2. INDEMNITY—CONTRACTS—NEGLIGENCE—CONSTRUCTION OF CLAUSES —INTENTION OF PARTIES.

An indemnity contract will not be construed to indemnify an indemnitee against losses arising out of its own negligent acts unless such an intention is expressed in unequivocal terms.

3. INDEMNITY—CONTRACTS—NEGLIGENCE—LEASES—INTENTION OF PARTIES—CONSTRUCTION OF CLAUSES.

The language used in an indemnity clause in a leasing agreement is not sufficient to indemnify the indemnitee for claims arising out of its own acts of negligence, where the lessee-indemnitor agreed only to defend and hold the lessor harmless for claims arising out of lessee's use or handling of the equipment, *i.e.,* for lessee's acts of negligence, and the language used did not amount to a clear and unequivocal expression that the lessee would indemnify the lessor's negligent acts.

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 May 7, 1974, at Detroit. (Docket No. 16147.) Decided August 28, 1974.

Complaint by Sylvester Hubbert and Rose Lee Hubbert against Acme Equipment Company for damages for injuries Sylvester Hubbert received in a fall. Third-party complaint by Acme against Antonio Salvatore for indemnity. Plaintiffs and Acme settled. Acme's motion for summary judgment on its third-party complaint denied and Sal-

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 41 Am Jur 2d, Indemnity § 13 *et seq.*

vatore's motion to dismiss the third-party complaint granted. Acme appeals. Affirmed.

*Sullivan, Sullivan, Ranger & Ward,* for Acme Equipment Company.

*Martin, Bohall, Joselyn, Halsey & Rowe, P. C.,* for Antonio Salvatore.

Before: BASHARA, P. J., and McGREGOR and VAN VALKENBURG,* JJ.

PER CURIAM. On or about February 21, 1967, defendant third-party plaintiff Acme Equipment Company leased a crane to third-party defendant Salvatore. The leasing agreement, a document drawn up by Acme, provided:

"TENANT agrees to defend ACME from and to save ACME safe and harmless from any and all claims that may rise from TENANTS use or handling of the above equipment.

\* \* \*

"TENANT agrees to procure full insurance coverage and protection for property damage, public liability, workmen's compensation, fire and theft, and all other possible claims, risks or hazards incurred by reason of the possession or operation of said machine and equipment. Such insurance policies, or copies thereof, with a loss payable clause to ACME in the minimum sum of $5,000.00 shall be deposited with ACME within two (2) weeks from date and failure to do so or to effect such insurance shall entitle ACME to terminate this agreement and to repossess itself of said equipment forthwith."

On or about March 29, 1967, plaintiff Sylvester Hubbert was injured when the "bucket" of said

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

crane tipped as he rode it up out of an excavation causing him to fall some 20 feet to the bottom of the excavation. Hubbert and his wife commenced an action against Acme on a complaint alleging that the crane as supplied by Acme was unsafe and that Acme negligently failed to properly inspect, repair, or warn plaintiff's employer and/or plaintiff of the possibility of the "bucket" tipping and/or the crane's defective condition.

Acme, in turn, filed a third-party complaint against Salvatore, plaintiff's employer and lease-operator of the crane, claiming that Salvatore had negligently operated the crane, and further claiming that Salvatore was liable pursuant to the indemnity clause of the lease. Plaintiffs Hubbert and Acme reached a compromise settlement in the amount of $35,000, a settlement which third-party defendant Salvatore specifically did not agree to.

Acme thereafter moved for summary judgment on its third-party complaint asserting that Salvatore was liable for the settlement amount by virtue of the indemnity agreement. Salvatore moved to dismiss the third-party complaint. The trial court determined that the language in the lease agreement was not legally sufficient to create an indemnity agreement whereby Salvatore would be liable for Acme's negligence. Acme's motion for summary judgment was denied and Salvatore's motion to dismiss was granted. Acme appeals from the order of judgment dismissing its complaint.

It is well-settled law of this state that indemnity clauses are construed most strictly against the party who drafts them and the party who is the indemnitee. It is further well settled that an indemnity contract will not be construed to indemnify the indemnitee against losses arising out of its own negligent acts unless such an intention is

expressed in unequivocal terms. *Baker Contractor Inc v Chris Nelson & Son, Inc,* 1 Mich App 450; 136 NW2d 771 (1965); *Meadows v Depco Equipment Co,* 4 Mich App 370; 144 NW2d 844 (1966); *Geurink v Herlihy Mid-Continent Co,* 5 Mich App 154; 146 NW2d 111 (1966);. *Klann v Hess Cartage Co,* 50 Mich App 703; 214 NW2d 63 (1973).

Applying these rules of construction to the indemnity agreement contained in the lease, we find that the trial court properly held that the language used is not sufficient to indemnify the indemnitee for claims arising out of the indemnitee's own acts of negligence. Tenant Salvatore agreed only to defend and hold Acme harmless for claims arising out of Salvatore's use or handling of the equipment, *i.e.,* for Salvatore's acts of negligence. It cannot be said that the language used amounted to a clear and unequivocal expression that Salvatore would indemnify Acme's negligent acts; therefore the language is strictly construed against drafter-indemnitee Acme. Since the settlement by Acme was made with plaintiffs Hubbert on a complaint alleging a breach of warranty by and negligent acts on the part of Acme alone, and since the indemnity language is not sufficient to create an indemnity agreement binding the indemnitor to payment for the indemnitee's acts, Acme does not have a right to seek indemnity for the settlement made with the Hubberts. The trial court therefore properly dismissed Acme's third-party complaint.

In light of the above-noted disposition of this appeal, we specifically do not reach the question of whether MCLA 691.991; MSA 26.1146(1) is applicable to equipment lease contracts involving building contractors.

Affirmed. Costs to third-party defendant.