PARTRICH v MUSCAT

Docket No. 77-3942. Submitted March 20, 1978, at Detroit.—Decided
    July 18, 1978.

Plaintiffs Spencer M. Partrich and Alvin A. Weisberg negotiated
    a land contract purchase of a mobile home park from Virginia,
    Inez and Anthony Muscat, defendants. The original land con-
    tract warranted that the property was serviced by municipal
    sewer and water, that the sewer, water, electrical and road
    systems had no hidden, latent or major defect and that the
    property violated no regulations of the Michigan State Depart-
    ment of Health or of any other governmental or municipal
    authority of any type whatsoever. After the agreement was
    signed the township electrical inspector inspected the park,
    found several deficiencies and ordered the electrical system be
    brought up to code. The sellers and purchasers then negotiated
    and executed a second writing providing for a reduced purchase
    price and down payment in consideration for accepting the
    electrical violations and accepting the property in "as is"
    condition. A land contract was signed and recorded which
    recited acceptance as is and incorporated a rider warranting
    that the property was serviced by city sewer and water. After
    assuming possession plaintiffs were notified that the property's
    storm sewer was illegally connected to the sanitary sewer.
    Plaintiffs demanded reimbursement of the cost to correct this
    violation from defendants, and, when refused, sued, alleging
    breach of warranty and misrepresentation. The Macomb Cir-
    cuit Court, Hunter D. Stair, J., granted summary judgment to
    defendants based on the "as is" clause of the contract. Plaintiffs
    appeal. Held:

    1. A motion for summary judgment on the ground that the
    complaint fails to state a cause of action is to be tested by the
    pleadings alone and tests the legal basis for the complaint, not

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment §§ 17, 29, 32.
[2] 73 Am Jur 2d, Summary Judgment §§ 26, 32.
[3] 30 Am Jur 2d, Evidence §§ 1040, 1069, 1070, 1074.

whether it can be factually supported; judgment statement was not appropriate under this standard.

2. A motion for summary judgment on the ground that there is no genuine issue as to any material fact tests whether there is factual support for a claim and is to be tested by the pleadings, affidavits, depositions, admissions and other documentary evidence available to the court and is properly granted only where it is impossible for the claim asserted to be supported by evidence at trial; there are two issues of fact which, in light of the warranty that the property was serviced by city sewer and water, prevent the granting of summary judgment; namely, what did the "as is" clause apply to and what did it mean.

3. Parol evidence is admissible to explain what the "as is" clause applied to and what it meant because the term is ambiguous in the land contract read as a whole.

Reversed and remanded.

CYNAR, J., concurred in result only.

1. MOTIONS—SUMMARY JUDGMENT—CAUSE OF ACTION—PLEADINGS—COURT RULES.

A motion for summary judgment on the ground that the complaint fails to state a cause of action is to be tested by the pleadings alone and tests the legal basis of the complaint, not whether it can be factually supported (GCR 1963, 117.2[1]).

2. MOTIONS—SUMMARY JUDGMENT—GENUINE ISSUE OF MATERIAL FACT—STANDARD OF DETERMINATION—COURT RULES.

A motion for summary judgment on the ground that there is no genuine issue as to any material fact tests whether there is factual support for a claim and is to be tested by the pleadings, affidavits, depositions, admissions and other documentary evidence available to the court and is properly granted only where it is impossible for the claim asserted to be supported by evidence at trial (GCR 1963, 117.2[3]).

3. EVIDENCE—CONTRACTS—LAND CONTRACTS—PAROL EVIDENCE—AMBIGUITIES.

Parol evidence is admissible to explain ambiguous terms in a land contract.

*Weiner & Hauser,* for plaintiffs.

*William M. Havey,* for defendants.

Before: D. C. RILEY, P. J., and T. M. BURNS and CYNAR, JJ.

T. M. BURNS, J. Plaintiffs appeal by right from the grant of summary judgment to defendants. Plaintiffs Spencer Partrich and Alvin Weisberg, are the vendees in a land contract involving the sale of a mobile home park in Macomb County. Defendants Virginia, Anthony and Inez Muscat, are the vendors. To understand the issues involved, a detailed statement of facts[1] is necessary.

Plaintiffs began negotiations to purchase the mobile home park through their agent. A purchase agreement was signed by the agent in October of 1974 which contained the following clauses:

"(1) Seller warrants that there are no violations with the Michigan State Department of Health, or any other governmental or municipal authority, of any type whatsoever.

\* \* \*

"(6) Seller represents and warrants that the subject property is serviced by municipal sewer and water, and further, that the sewer, water, electrical and road systems in the mobile home park have no hidden, latent or major defects.

\* \* \*

"(10) All representations contained herein shall be considered as made of the date hereof and also as of the date of closing and shall survive the closing."

After the agreement was signed, the township electrical inspector inspected the park and noted several deficiencies in the park's electrical work. An order to bring the electrical system up to code

---

[1] Because the summary judgment was granted no testimony has been taken. This statement of facts is drawn from the pleadings and other documents in the file taken in a light most favorable to the plaintiffs.

standards was issued. This led to renewed negotiations between the parties.

On November 29, 1974, the sellers signed a second writing reducing the purchase price and down payment by some $5,000. This writing contained a clause stating:

"In consideration of this reduction, the purchaser will accept the electrical violations from the Harrison Township Electrical Department, attached hereto and made a part hereof. Purchasers to accept the above named park in 'as is' condition."

The first sentence of this clause is typed, the second is handwritten. This writing was not signed by the purchasers or their agent.

The land contract was signed and recorded January 23, 1975. The "additional clauses" section of the contract states:

"See rider attached hereto and made a part hereof. That the purchasers accept the trailer park *AS IS.* However, there are no violations with the Michigan Department of Health."

These two sentences were originally part of a larger clause, some of which had been lined out.[2] The rider attached to the land contract provided in part:

---

[2] The clause as originally written provided: "That the purchasers are professional trailer park owners and that in consideration of the purchase price herein that they accept the trailer park AS IS with no recourse whatsoever for any changes or improvements that may be necessary in the future and will hold the sellers free and harmless for whatever may have to be done in the future by way of changes or improvements in the park. However, there are no violations with the Michigan Department of Health."

The affidavit of Spencer Partrich in opposition to defendants' motion for summary judgment states that part of the clause was lined out because he and Weisberg refused to sign the contract as originally written.

"Sellers represent and warrant to Purchasers as follows:

"A. The subject premises is a duly licensed forty-five (45) site mobile home park serviced by City sewer and water.

*   *   *

"D. The foregoing representations and warranties shall survive the closing."

Sometime after they took possession, the superintendent of the township water and sewer department notified plaintiffs that the storm sewer for the trailer park was illegally connected to the sanitary sewer system. Plaintiffs claim they incurred liabilities of approximately $12,000 to correct the violation and satisfy their liability to the township. After a demand for reimbursement was rejected, this suit followed.

In a one count complaint, plaintiffs alleged the facts noted above and claimed that defendants were liable for the "defect" in the sewer system under a breach of warranty or misrepresentation theory. Plaintiffs also alleged that, short of digging up the entire system, there was no way the illegal connection could have been discovered before closing.

Defendants answered, denying any personal responsibility for the illegal sewer connection and alleging that the "as is" clause in the land contract precluded imposing either warranty or misrepresentation liability on them. Defendants filed a motion for summary judgment based on the "as is" clause. After a hearing, at which both parties submitted affidavits, the trial court ruled that the meaning of the "as is" clause had a "definite meaning" and granted the summary judgments.

Before turning to the merits of the appeal, it is necessary to mention one point about the record

presented. Nowhere in the lower court record, either in the motion presented by defendants or the judgment entered by the court, is there any indication of which subrule of the summary judgment rule was being relied on. GCR 1963, 117.2(1) and 117.2(3) are based on entirely different theories. One tests the legal basis of the claim, the other the factual basis. See *Durant v Stahlin,* 375 Mich 628; 135 NW2d 392 (1965). Unless the applicable subrule under which a party is proceeding is identified, the trial court's job of deciding the motion and our review on appeal become much more difficult. See, Bashara, *The Illusive Summary Judgment Rule: Sifting Through the Maze,* 1976 Det Col L Rev, 397, 400. Unless attorneys devote more thought and consideration to the basis upon which such motions are brought, the problem is likely to be further compounded with the consolidation of present rules 116 and 117 in the future. See proposed MCR 2.116, 402A Mich 127, 127–135. At some point, counsel and trial courts may be subjected to a summary remand to clarify the grounds upon which such a judgment is granted.

Was Summary Judgment Appropriate Under GCR 1963, 117.2(1)?

The standard governing this Court's review of a grant or denial of a motion for summary judgment based on GCR 1963, 117.2(1) is well settled. The motion is to be tested by the pleadings alone. *Todd v Biglow,* 51 Mich App 346; 214 NW2d 733 (1974), *lv den,* 391 Mich 816 (1974). The motion tests the legal basis of the complaint, not whether it can be factually supported. *Borman's, Inc v Lake State Development Co,* 60 Mich App 175; 230 NW2d 363 (1975). The factual allegations of the complaint are taken as true, along with any inferences or conclu-

sions which may fairly be drawn from the facts alleged. Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion under this subrule should be denied. *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426; 202 NW2d 577 (1972).

Applying this standard to the pleadings in the present case leads to the conclusion that summary judgment under rule 117.2(1) was inappropriate. Plaintiff had sufficiently pled a cause of action for breach of warranty and misrepresentation.

## Was Summary Judgment Appropriate Under GCR 1963, 117.2(3)?

A motion for summary judgment which is based on GCR 1963, 117.2(3) is designed to test whether there is factual support for a claim. *Crowther v Ross Chemical & Manufacturing, supra.*

When passing upon a motion under this subrule, the court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence then available to it. *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973). Before the judgment may properly be granted the court must be satisfied that it is impossible for the claim asserted to be supported by evidence at trial. *Rizzo v Kretschmer, supra.* The motion has the limited function of determining whether material issues of fact exist.[3] The trial court must carefully avoid

---

[3] "The material fact to which reference is made in the rule is the ultimate fact issue upon which a jury's verdict must be based. For example, in a contract case the material fact, or ultimate fact, as distinguished from the evidentiary fact, is the meeting of the minds, rather than merely that the parties conferred; the payment and receipt of consideration, not just that money passed hands; the breach of a material condition, rather than just that defendant delivered the goods on a day after the date promised. For further example, in a

making findings of fact under the guise of determining that no issues of material fact exist.

In the present case, the defendants urge that the "as is" language of the contract precluded any finding of a warranty or a breach thereof. The trial court agreed, presumably because it found the land contract and riders to be a fully integrated, unambiguous expression of the party's intent. The lower court must also have found that the parol evidence rule would prevent introduction at trial of the material contained in the affidavits in opposition to summary judgment, see *Vickers v American Oil Co,* 26 Mich App 245; 182 NW2d 592 (1970), which claim that the "as is" language referred only to the electric system and that there was no intent to waive the warranties made in the purchase agreement with regard to the other items.

There seem to be two questions: (1) what did the "as is" clause apply to; and (2) what did it mean, *i.e.,* what was the party's intent? From examining the entire contract, including the warranty that the park is "serviced by [c]ity sewer and water" contained in the rider, we hold there is sufficient ambiguity, in light of the surrounding circumstances, to prevent the grant of summary judgment. A phrase may have a "definite meaning" in

---

negligence case the material fact, or ultimate fact, as distinguished from the evidentiary fact, is that plaintiff was within a zone of foreseeable danger, rather than merely that plaintiff was walking along the road on which defendant's car was traveling; that defendant's negligence, if found, was the proximate cause of the collision, not just that there was an impact between plaintiff and defendant's car; that plaintiff was contributorily negligent, rather than just that he was walking on the paved portion of the highway. In short, the difference between evidentiary fact and material fact, or ultimate fact, is the difference between the raw data admissible in evidence and the inferences or conclusions of facts essential to the claim or defense which properly may be drawn or reached by a jury from such data." *Simerka v Pridemore,* 380 Mich 250, 275; 156 NW2d 509 (1968) (opinion of SOURIS, J.)

one context and be ambiguous in another. *Cf. Robinson v Carter,* 77 A2d 174 (DC, 1950).

Whatever the phrase "as is" has come to mean in contracts dealing with the sale of personalty, see UCC 2-316 (MCL 440.2316; MSA 19.2316), it has no similarly accepted meaning when the subject of the contract is realty. Indeed, those few cases considering an "as is" clause in a real estate transaction have not construed it as precluding recovery for some physical defect in the land. See, Anno: *Construction and Effect of Provision in Contract for Sale of Realty by Which Purchaser Agrees to Take Property "as is" or in the Condition in Which it is,* 97 ALR2d 849.

The parol evidence rule does not bar introduction of evidence to explain ambiguous terms.

"As a general rule, ambiguous written expressions are subject to explanation by oral testimony. Thus, when the terms of a written instrument are uncertain and ambiguous and are susceptible of more than one interpretation, parol evidence may be introduced to show what was in the minds of the parties when the contract was made, and in this respect, not only preliminary negotiations but also the surrounding circumstances, may be considered." (*Footnotes omitted.*) 11 Michigan Law and Practice, Evidence, § 216, p 420.

In the context of this case, the term "as is" is ambiguous. This is especially so in light of the warranty dealing with the sewer system in the original purchase agreement, the trouble with the electrical system and subsequent price adjustment, and the warranty which is included in the land contract itself. Although the questions may ultimately be for the court, to rule on them on the present record was error. Such decisions should be

made only after all the evidence has been presented.

Reversed and remanded for proceedings not inconsistent with this opinion. Costs to appellant.

CYNAR, J., concurs in result only.