GARTSIDE v YOUNG MEN'S CHRISTIAN ASSOCIATION

Docket No. 77-4211. Submitted June 7, 1978, at Grand Rapids.—
    Decided November 28, 1978. Leave to appeal denied, 406 Mich
    915.

    Sharon L. Gartside, the wife of Stewart Gartside, a teacher for
    the Ludington Area School District, was injured when she was
    thrown from a horse at a camp operated by the YMCA. The
    school district had contracted with the YMCA for the use of the
    camp for a period of four days; the injury occurred on the
    evening of the day preceding the contractual period. The Gart-
    sides filed a suit for damages against the Young Men's Chris-
    tian Association of Metropolitan Chicago Foundation and the
    Board of Trustees of the Young Men's Christian Association of
    Chicago. The YMCA filed a third-party complaint against the
    Ludington Area School District for indemnification pursuant to
    an indemnity clause in the contract between the parties. The
    school district moved for summary judgment on the third-party
    claim, which was granted by the Mason Circuit Court, Charles
    A. Wickens, J. The YMCA appeals. Held:

    1. The YMCA's claim that the indemnity provision was
    intended to apply to an accident which occurred the day prior
    to the contractual period is not so clearly unenforceable as a
    matter of law that no factual development could possibly
    sustain it. Therefore, the trial court erred in granting summary
    judgment on that basis.

    2. The indemnity contract, although it is to be strictly con-
    strued, should be enforced so as to effectuate the intentions of
    the parties. Those intentions are to be ascertained considering
    not only the language of the contract but also the situation of
    the parties and the circumstances surrounding the contract.
    Applying these considerations, there are some factual develop-

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 104.
  5 Am Jur 2d, Appeal and Error § 853.
  73 Am Jur 2d, Summary Judgment § 40.
[2, 3] 41 Am Jur 2d, Indemnity §§ 14-16.
[4] 73 Am Jur 2d, Summary Judgment § 26.

ments possible which may establish the YMCA's right to indemnification.

Reversed and remanded.

1. JUDGMENT—SUMMARY JUDGMENT—FAILURE TO STATE A CLAIM—
APPEAL AND ERROR—COURT RULES.

A motion for summary judgment based on failure to state a claim upon which relief can be granted is to be considered by the trial court on an examination of the pleadings alone, and a reviewing court, accepting the well-pled facts in the plaintiff's complaint as true, must determine whether the claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery (GCR 1963, 117.2[1]).

2. INDEMNITY—CONTRACTS—SOLE NEGLIGENCE OF INDEMNITEE—CON-
STRUCTION OF CONTRACT.

A contract to indemnify an indemnitee for damages caused by the sole negligence of the indemnitee is not unenforceable or contrary to public policy except where subject to statute; however, such a contract is subject to strict construction and will not be construed to indemnify one against the consequences of his own negligence unless it clearly appears that such was the intent of the parties.

3. INDEMNITY—CONTRACTS—CONSTRUCTION OF CONTRACT.

Indemnity contracts are construed most strictly against the party who drafts them and against the indemnitee.

4. INDEMNITY—SUMMARY JUDGMENT—POSSIBLE FACTUAL DEVELOP-
MENTS—COURT RULES.

A trial court's grant of summary judgment in favor of a contractual indemnitor in an action by the indemnitee was in error where, considering the situation of the parties and the circumstances surrounding the contract, there are some possible factual developments which may establish the indemnitee's right to indemnification (GCR 1963, 117.2[1]).

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather)*, for defendant YMCA.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells)*, for defendant Ludington Area School District.

Before: DANHOF, C.J., and V. J. BRENNAN and
R. H. CAMPBELL,* JJ.

PER CURIAM. On June 7, 1973, defendant (here-
inafter YMCA), and third-party defendant, Luding-
ton Area School District (hereinafter the school
district), entered into a contract which provided
that the school would have the exclusive use of the
YMCA camp from September 24, 1973, to Septem-
ber 28, 1973. On September 23, 1973, plaintiffs, a
teacher for the Ludington Area School District and
his wife, were at the YMCA camp in anticipation
of the school's use of the camp beginning on the
following day. During the evening, plaintiff Sharon
Gartside was injured when she was thrown from a
horse which she was riding at the camp. As a
result of these injuries, plaintiffs filed a suit
against the YMCA alleging that they negligently
encouraged her to ride a very spirited and quick-
tempered horse and negligently provided her with
defective riding equipment. The YMCA then filed
a third-party complaint against the school district
for indemnification. The school district made a
motion for summary judgment, GCR 1963, 117.2(1),
which was granted, and the YMCA appeals.

The standard of review for determining the
correctness of a ruling on a motion for summary
judgment pursuant to GCR 1963, 117.2(1), is set
out in *Borman's, Inc v Lake State Development
Co,* 60 Mich App 175, 179–180; 230 NW2d 363, 366
(1975):

"A motion based solely on subsection 1, challenges
the legal sufficiency of a plaintiff's claim and is to be
considered by an examination of the pleadings alone.
*Todd v Biglow,* 51 Mich App 346, 349; 214 NW2d 733
(1974). [The] job [of] a reviewing court is to accept as

---

* Circuit judge, sitting on the Court of Appeals by assignment.

true the well-pleaded facts in plaintiff's complaint, * * * , *Weckler v Berrein [sic] County Road Commission,* 55 Mich App 7, 9; 222 NW2d 9 (1974), and to determine whether these claims are so 'clearly unenforceable as a matter of law that no factual development can possible *[sic]* justify a right to recovery.' *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426, 431; 202 NW2d 577 (1972)."

The YMCA's claim for indemnification is based on a provision of its contract with the school district, whereby the school district promised:

"(f) To indemnify YMCA against, and to hold YMCA, its agents and employees harmless from, all claims, demands, costs or damages (including attorneys' fees) because of bodily injury, including death, or property damage to any person or legal entity at any time arising out of or in any way connected with School's use of the Camp and its facilities."

The trial court granted the school district's motion for summary judgment on the basis that the contract provision for indemnification was only intended to apply during the period of the contract: September 24, 1973, to September 28, 1973. While this is one possible interpretation of the contract provision, the indemnity clause is not free from ambiguity on this point. Accepting the well-pleaded facts in the YMCA's complaint as true, its claim that the indemnity provision was intended to apply to an accident which occurred on September 23, 1973, is not so clearly unenforceable as a matter of law that no factual development could possibly sustain it. Accordingly, the trial judge erred in granting the school district's motion for summary judgment on this basis.

The school district also contends that even if the trial judge erred in granting the motion for sum-

mary judgment on the basis that the contract provision did not apply to an injury occurring on September 23, 1973, the order of summary judgment should be affirmed because the indemnity provision of the contract did not bind the school district to indemnify the YMCA for damages caused by its sole negligence.

Indemnity contracts, like other contracts, are to be enforced so as to effectuate the intentions of the parties, *Title Guaranty & Surety Co v Roehm,* 215 Mich 586; 184 NW 414 (1921). Contracts to indemnify the indemnitee for damages caused by the indemnitee's sole negligence are not unenforceable or contrary to the public policy of this state, but see, MCL 691.991; MSA 26.1146(1). However, a contract which purportedly indemnifies one against the consequences of his own negligence is subject to strict construction and will not be so construed unless it clearly appears that it was intended to cover the indemnitee's own negligence, *Fireman's Fund American Ins Cos v General Electric Co,* 74 Mich App 318; 253 NW2d 748 (1977), *Hubbert v Acme Equipment Co,* 55 Mich App 313; 222 NW2d 224 (1974), *Klann v Hess Cartage Co,* 50 Mich App 703; 214 NW2d 63 (1973), *Geurink v Herlihy Mid-Continent Co,* 5 Mich App 154; 146 NW2d 111 (1966), *Meadows v Depco Equipment Co,* 4 Mich App 370; 144 NW2d 844 (1966). Also, indemnity contracts are construed most strictly against the party who drafts them and the indemnitee, *Fireman's Fund, supra.* Recognizing these strict rules of construction, the YMCA argues that the contract provisions clearly show the parties' intention that the school district was to indemnify the YMCA even for damages caused by its own negligence. Alternatively, the YMCA argues that even if the language used in the written contract

provision does not sufficiently show the parties' intention to have the school district indemnify the YMCA for the damages suffered in this case, the contract provision when considered in light of the situation of the parties and the surrounding circumstances, when the facts are properly developed, clearly shows the parties' intention that the school district would indemnify the YMCA in this case.

Although indemnity contracts are strictly construed, they are to be enforced so as to effectuate the intentions of the parties. Accordingly, in ascertaining the intentions of the parties, one must consider not only the language used in the contract but also the situation of the parties and the circumstances surrounding the contract, see, *Title Guaranty, supra.* As the Supreme Court stated in *Vanden Bosch v Consumers Power Co,* 394 Mich 428; 230 NW2d 271 (1975),

"Although not 'expressly' stated in the agreement, we are persuaded from our reading of that agreement, in light of the surrounding circumstances, that the parties intended that Consumers Power be indemnified against liability for its own negligence of the type precipitating this litigation."

Applying this reasoning to the facts in this case, we conclude that there are some factual developments possible under the allegations in the YMCA's pleadings which may establish its right to indemnification. We recognize that the YMCA may not be able to establish, at trial, that the parties clearly intended to provide for indemnification for the indemnitee's own negligence, see, *Fireman's Fund, supra, Hubbert, supra, Klann, supra,* see also *Geurink, supra.* In the cases cited above, the trial judge ruled that the indemnitees had failed to prove that the written contract provisions, when considered in light of the surrounding circum-

stances, clearly showed the parties' intention to indemnify the indemnitee for his own negligence. However, these rulings on the indemnitor's motion for a directed verdict[1] were made after trial so that the indemnitee was given an opportunity to prove the parties' intention.

In *Meadows, supra,* this Court affirmed the trial judge's decision to grant the indemnitor's motion for summary judgment but only because the contract provision in that case was barren of any reference to the concept of indemnity for damages caused by the indemnitee's own negligence. In *Vannoy v City of Warren,* 2 Mich App 78; 138 NW2d 520 (1965), this Court affirmed the denial of a motion for summary judgment since the written contract terms were equivocal and uncertain as to this point and because the construction of those terms must wait until after the trial court has had an opportunity to consider evidence of the situations of the parties and the circumstances surrounding the contract. This reasoning is also applicable to this case. Although the YMCA may not be able to carry the heavy burden it will bear at trial of persuading the trier of facts that the parties clearly intended that the contract was to cover the YMCA's own acts of negligence, the YMCA's complaint does contain a claim which could be factually developed at trial so as to justify a right of recovery. Accordingly, the order of summary judgment entered under GCR 1963, 117.2(1), is reversed and this case is remanded to the trial court for further proceedings.

Reversed and remanded for further proceedings not inconsistent with this opinion. Costs to defendant-third-party plaintiffs.

---

[1] In *Geurink v Herlihy Mid-Continent Co,* 5 Mich App 154; 146 NW2d 111 (1966), the trial court granted the indemnitor's motion for summary judgment. However, it must be seen that in *Geurink, supra,* the motion was granted after trial, *see White v McLouth Steel Corp,* 18 Mich App 688; 171 NW2d 662 (1969).