SPECTRUM MANUFACTURING CORPORATION v
BANK OF LANSING

Docket No. 57020. Submitted April 12, 1982, at Lansing.—Decided
July 13, 1982.

John Ivankovich and his wife, Jacqueline, were land contract
vendees of certain property in Lansing, Michigan. The Ivanko-
viches are on the board of directors and are shareholders of the
Skimmer Manufacturing Corporation, a business which oper-
ated out of a building located on that property. The Ivanko-
viches and James Bowden, Jr., are the incorporators and share-
holders of Spectrum Manufacturing Corporation. Spectrum and
Bowden each operated businesses out of that same building. A
judgment was entered in Ingham Circuit Court in favor of the
Bank of Lansing and against Skimmer, John and Jacqueline
Ivankovich, and Thomas Sharp. Thereafter, the Bank of Lans-
ing, through its attorney, Phillip Birdsall, of the law firm of
Loomis, Ewert, Ederer, Parsley, Davis & Gotting, caused a writ
of execution to be issued by the Ingham County Circuit Court.
Captain Don Boone of the Ingham County Sheriff's Department
seized the contents of the building located on the property for
which the Ivankoviches were the land contract vendees and
locked the doors to the building. Subsequently, Spectrum,
James Bowden, Jr., and John and Jacqueline Ivankovich filed
suit in Ingham Circuit Court against the Bank of Lansing and
Phillip Birdsall. The court, James T. Kallman, J., granted
summary judgment to Birdsall. Subsequently, Birdsall's law
firm, Loomis, Ewert, Ederer, Parsley, Davis & Gotting and
Captain Don Boone were added as parties defendant. The plain-
tiffs thereafter filed an amended complaint against all of the
defendants. Subsequently, the court, Robert Holmes Bell, J.,
granted accelerated judgments to defendants Bank of Lansing
and the law firm. Thereafter, Judge Bell granted defendant

REFERENCES FOR POINTS IN HEADNOTES
[1] 56 Am Jur 2d, Motions, Rules, and Orders § 4.
[2, 4] 61A Am Jur 2d, Pleading § 230 *et seq.*
73 Am Jur 2d, Summary Judgment §§ 26, 27.
[3, 5] 30 Am Jur 2d, Executions §§ 70, 755, 763.
70 Am Jur 2d, Sheriffs, Police, and Constables § 57 *et seq.*

Boone summary or accelerated judgment. The plaintiffs appeal the judgment for defendant Boone. *Held:*

The Ivankoviches stated a valid claim against defendant Boone for a wrongful execution because the value of the property seized greatly exceeded the monetary judgment awarded to the Bank of Lansing. Plaintiffs Spectrum and Bowden stated valid claims against Boone because a sheriff may be liable when he levies on property belonging to a person other than the judgment debtor listed in the writ of execution. The trial court's ruling cannot be supported on the ground that the plaintiffs failed to state valid claims in their amended complaint. There was a genuine issue of material fact as to the value of the property seized by Boone because the validity of the Ivankoviches' claim depends on whether the value of the property seized by Boone was excessive for purposes of satisfying the judgment owed the Bank of Lansing. Furthermore, the validity of Spectrum's and Bowden's claims may rest on whether their property was commingled with the property of Skimmer or the Ivankoviches. A genuine issue of material fact existed as to whether the property was so intermingled.

Reversed.

DANHOF, C.J., concurred in part and dissented in part. He agreed with the majority opinion that the plaintiffs who were not judgment debtors stated a valid claim and that it is a question of fact as to whether their property was commingled with that of the judgment debtors. He would hold that the Ivankoviches do not have standing to raise the claim of seizure of an excessive amount of property because the amended complaint did not allege that any of the Ivankoviches' personal property was improperly attached by Boone. The amended complaint alleged that the inventory of Skimmer that was seized had a cost value in excess of the debt. Further, summary judgment was proper as to the Ivankoviches' claim because they failed to allege that Boone did not act in good faith or exercise sound discretion. He would reverse as to the claims of Spectrum and Bowden and affirm as to the Ivankoviches' claim.

### OPINION OF THE COURT

1. MOTIONS AND ORDERS — LABELING.

An incorrectly labeled motion should be considered as if it were correctly labeled absent prejudice to the other party.

2. MOTIONS AND ORDERS — SUMMARY JUDGMENTS — FAILURE TO STATE A CLAIM.

A motion for summary judgment based on the failure to state a

claim upon which relief can be granted is to be considered by an examination of the pleadings alone; both the trial and reviewing courts should accept as true every well-pled allegation and any inference which may be fairly and reasonably drawn therefrom; such a motion for summary judgment should be granted where the plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery (GCR 1963, 117.2[1]).

3. DEBTOR AND CREDITOR — WRONGFUL EXECUTION.

A judgment debtor has a valid claim for wrongful execution against a sheriff's deputy where the deputy seizes property of the debtor pursuant to a writ of execution and the value of the seized property greatly exceeds the monetary judgment awarded to the creditor; a sheriff may be liable for damages where he levies on property belonging to a person other than the judgment debtor listed on the writ of execution.

4. MOTIONS AND ORDERS — SUMMARY JUDGMENTS — GENUINE ISSUE OF MATERIAL FACT.

A motion for summary judgment on the ground that there is no genuine issue as to any material fact tests whether there is factual support for a claim and is to be tested by the pleadings, affidavits, depositions, admissions, and other documentary evidence available to the court and is properly granted only where it is impossible for the claim asserted to be supported by evidence at trial; a trial court should carefully avoid making findings of fact under the guise of determining that no issues of material fact exist (GCR 1963, 117.2[3]).

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY DANHOF, C.J.

5. DEBTOR AND CREDITOR — WRONGFUL EXECUTION.

*A sheriff may be liable to a judgment debtor against whom process is issued for an unreasonable and unnecessary levy on more of his goods than is necessary to satisfy the debt and costs; but the mere fact that a levy may be excessive does not subject the officer to any liability where he acts in good faith and exercises sound discretion.*

*Shirley M. Gagnon,* for plaintiffs.

*Frederick L. Stackable,* for defendant Boone.

Before: DANHOF, C.J., and R. B. BURNS and
WAHLS, JJ.

PER CURIAM. Plaintiffs appeal from an order
entered on March 19, 1981, granting accelerated
or summary judgment in favor of defendant Cap-
tain Don Boone of the Ingham County Sheriff's
Department.

Plaintiffs John Ivankovich and his wife, Jacque-
line Ivankovich, were the land contract vendees of
property located at 1818 Bassett Street in Lansing.
The Ivankoviches are on the board of directors and
are shareholders of the Skimmer Manufacturing
Corporation, which operated out of the building
located at 1818 Bassett Street. The Ivankoviches
and plaintiff James Bowden, Jr., are the incorpora-
tors and shareholders of plaintiff Spectrum Manu-
facturing Corporation. Spectrum also operated out
of the building located at 1818 Bassett Street.
James Bowden, Jr., operated his own business out
of the same building.

On March 21, 1978, a judgment was entered in
the Ingham Circuit Court against Skimmer, John
Ivankovich and Jacqueline Ivankovich, and
Thomas Sharp and in favor of Bank of Lansing in
the amount of $18,839.50. Within 60 days of
March 21, 1978, the Bank of Lansing received
$5,250 in partial satisfaction of the judgment men-
tioned above.

On May 11, 1978, defendant Bank of Lansing
through its attorney, Phillip Birdsall, of Loomis,
Ewert, Ederer, Parsley, Davis & Gotting, caused a
writ of execution to be issued by the Ingham
County Circuit Court. Captain Boone of the Ing-
ham County Sheriff's Department was directed to
the building located at 1818 Bassett Street, which
building was identified by a sign that said "Skim-

mer Manufacturing Corporation". Defendant
Boone seized all of the contents of the building.
The building has two entrances, and in order to
secure the contents of the building, Boone changed
the locks on the front door. Because the lock on
the loading dock doors could not be changed, a key
was broken off in the lock by a locksmith after the
door was locked. This procedure prevented anyone
from opening the door. Boone then posted a notice
on the building that all of the contents of the
building had been secured by an order of the
court.

John Ivankovich petitioned the court for an *ex
parte* order dissolving the writ of execution, and
the petition was heard on May 24, 1978. The writ
of execution was not dissolved, but the judge or-
dered that the building at 1818 Bassett Street be
unlocked. The parties disagree as to whether the
building was unlocked on May 25, 1978, or on May
31, 1978. On May 25, 1978, plaintiffs Spectrum,
James Bowden, Jr., John Ivankovich, and Jacque-
line Ivankovich filed suit against the Bank of
Lansing and Phillip Birdsall in Ingham County
Circuit Court. On October 11, 1978, the trial court
entered an order granting summary judgment pur-
suant to GCR 1963, 117.2(1), 117.2(3) in favor of
Phillip Birdsall. On February 28, 1979, plaintiffs
moved to join Phillip Birdsall's law firm, Loomis,
Ewert, Ederer, Parsley, Davis & Gotting, as a party
defendant along with Captain Don Boone of the
Ingham County Sheriff's Department. This motion
was granted in an order dated February 28, 1979.

On March 6, 1979, plaintiffs filed an amended
complaint listing the Bank of Lansing, the law
firm of Loomis, Ewert, Ederer, Parsley, Davis &
Gotting, and Don Boone as defendants. On July 3,
1979, the trial court granted accelerated judg-
ments in favor of defendants Bank of Lansing and

Loomis, Ewert, Ederer, Parsley, Davis & Gotting. Plaintiffs never appealed this order. On August 21, 1980, defendant Boone filed an amended motion for accelerated judgment and an affidavit sworn by him. A hearing was held on September 4, 1980, and on October 16, 1980, an opinion was issued by the court granting defendant's motion for summary or accelerated judgment. An order was entered on March 19, 1981, in conformity with the court's opinion.

Defendant Boone's motion was labeled a motion for accelerated judgment but it really was a motion for summary judgment. An incorrectly labeled motion is considered as if correctly labeled, absent prejudice to the other party. *Birch Run Nursery v Jemal,* 52 Mich App 23; 216 NW2d 488 (1974). Boone's motion should be reviewed as though it was a motion for a summary judgment.

A motion pursuant to GCR 1963, 117.2(1), challenges the legal sufficiency of a plaintiff's claim and is to be considered by an examination of the pleadings alone. *Gartside v Young Men's Christian Ass'n,* 87 Mich App 335; 274 NW2d 58 (1978). Both trial and reviewing courts must accept as true every well-pled allegation and any inference which may be fairly and reasonably drawn therefrom. *Gartside, supra.* A motion for summary judgment must be granted when a plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Stimson v Michigan Bell Telephone Co,* 77 Mich App 361; 258 NW2d 227 (1977).

The Ivankoviches stated a valid claim against defendant Boone for a wrongful execution because the value of the property seized greatly exceeded the monetary judgment awarded to the Bank of

Lansing. See *Handy v Clippert,* 50 Mich 355
(1883), 80 CJS, Sheriffs and Constables, § 70, p 265.
Plaintiffs Spectrum Manufacturing Corporation
and James Bowden, Jr., stated valid claims against
defendant Boone because a sheriff may be liable
when he levies on property belonging to a person
other than the judgment debtor listed in the writ
of execution. See *Cook v Hopper,* 23 Mich 511
(1871), *Allen v Kinyon,* 41 Mich 281; 1 NW 863
(1879), *Weber v Henry,* 16 Mich 399 (1868). The
trial court's ruling cannot be supported on the
ground that the plaintiffs failed to state valid
claims in their amended complaint.

A motion for summary judgment which is based
on GCR 1963, 117.2(3) is designed to test whether
there is factual support for a claim. *Crowther v
Ross Chemical & Mfg Co,* 42 Mich App 426; 202
NW2d 577 (1972). When passing upon a motion
under this subrule, a court must consider the
pleadings, affidavits, depositions, admissions, and
other documentary evidence then available to it.
*Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316
(1973). Before the judgment may be properly
granted, a court must be satisfied that it is impos-
sible for the claim asserted to be supported by
evidence at a trial. *Rizzo v Kretschmer, supra.*
That motion has the limited function of determin-
ing whether material issues of fact exist. A trial
court must carefully avoid making findings of fact
under the guise of determining that no issues of
material fact exist. *Partrich v Muscat,* 84 Mich
App 724; 270 NW2d 506 (1978).

The validity of the Ivankoviches' claim depends
on whether the value of the property seized by
defendant Boone was excessive for purposes of
satisfying the judgment owed the Bank of Lansing.
The value of the property seized by defendant

Boone is a material issue of fact; John Ivankovich contended that the property seized was worth $30,000 and Boone contended that the property seized was worth $1,000. Thus, there was a genuine issue of material fact as to the value of the property seized by Boone. The parties should be allowed to present proofs on this issue, and the trier of fact will be able to determine whether defendant Boone is liable to the Ivankoviches for an excessive levy.

Plaintiffs Spectrum Manufacturing Corporation and James Bowden, Jr., stated a valid claim against Boone on the theory that Boone illegally seized their property. The trial court ruled that the sheriff's deputy did not illegally seize Bowden's and Spectrum's property because their property was commingled with the judgment debtors' property. The trial judge based his decision on *McCausey v Hoek,* 159 Mich 570; 124 NW 570 (1910), where the Court held that when goods of the execution debtor are intermingled with those of another, the third party cannot maintain an action against the officer if he refuses to designate the goods seized. The trial court's ruling is based on a factual determination that the property of Spectrum and James Bowden, Jr., was commingled with the property of Skimmer or the Ivankoviches. The record below discloses that Spectrum and James Bowden, Jr., rented space and kept property in the same building that housed Skimmer. However, the fact that the property of the parties was intermingled was not disclosed in the pleadings, affidavits, or during oral argument presented to the court. A trial court should not make factual findings when it determines whether an issue of material fact exists. *Partrich v Muscat, supra.* The validity of Spectrum's and Bowden's claim may rest on whether their property was commingled

with the property of Skimmer or the Ivankoviches. A genuine issue of material fact existed as to whether the property was so intermingled. Summary judgment should not have been granted pursuant to GCR 1963, 117.2(1) or 117.2(3).

Reversed.


DANHOF, C.J. *(concurring in part and dissenting in part).* I agree with the majority's conclusion that the plaintiffs who were not judgment debtors have stated a valid claim and that it is a question of fact as to whether their property was commingled with that of the judgment debtors. However, I respectfully dissent from the majority's conclusion that the Ivankoviches stated a valid claim against defendant Boone.

I would find that the Ivankoviches do not have standing to raise the claim asserted herein. The Ivankoviches are individual judgment debtors along with the corporate judgment debtor, Skimmer Manufacturing Corporation. The amended complaint does not allege that any of the Ivankoviches' personal property was improperly attached by defendant Boone. Rather, the amended complaint alleges that the inventory of Skimmer Manufacturing Corporation that was seized had a cost value in excess of $30,000. Thus, it is Skimmer Manufacturing Corporation alone among the judgment debtors which, possibly, has a claim for seizure of an excessive amount of property.

Even assuming that the Ivankoviches are proper plaintiffs, I would find that summary judgment, pursuant to GCR 1963, 117.2(1), would be appropriate as against them in that they failed to allege that defendant Boone did not act in good faith and in the exercise of sound discretion. See 80 CJS, Sheriffs and Constables, § 70, p 265.